THE PETER SCHOENHOFEN BREWING COMPANY, Appellant, v. CHAS. GIFFEY and HANNAH M. GIFFEY (Defendants) and THE GIFFEY BOTTLING COMPANY (A Corporation), Appellee.

**Appeal:** ORDERS FROM WHICH APPEAL MAY BE TAKEN. Where a corporation intervened in a suit upon promissory notes claiming that the makers signed the notes as sureties for the corporation, and plaintiff moved to set aside the order permitting the corporation to be made a defendant, on the ground that it was not a necessary or proper party because the makers did not claim to have signed as sureties, which motion was overruled, and plaintiffs also moved to strike a counterclaim filed by the corporation covering the same matters alleged by the individual defendants, the orders overruling the motion to vacate and the motion to strike the counterclaim were not appealable, under the provision of the statute allowing an appeal from an order affecting a substantial right when such order in effect determines the action and prevents a judgment from which an appeal might be taken; since a right of appeal from an adverse judgment upon the issues joined would have still remained to appellant.

**Same.** A right of appeal under the provision of the statute allowing an appeal from an intermediate order involving the merits, or materially affecting the final decision, is dependent upon whether the question is or will be inherent in the final judgment and may be presented on appeal from that judgment. If the ruling is of such a nature and affects rights in such a manner that they cannot be protected by the final judgment then an appeal will lie; but if the question involved will inhere in the final judgment and can be

presented in an appeal from that judgment it will be treated as an interlocutory order, review of which can only be had upon the general appeal.

**Same:** PARTIES: WAIVER OF OBJECTION. The plaintiff by replying to the answer of the corporation, made a defendant on the ground that it was primarily liable on the notes in suit and that the other defendants were sureties, did not waive alleged errors in the rulings permitting the corporation to be made a party and refusing to strike the counterclaim.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

THURSDAY, NOVEMBER 20, 1913.

APPEAL from ruling refusing to strike answer and counterclaim of the Giffey Bottling Company, which voluntarily appeared as a party defendant.—*Appeal dismissed.*

*Clarence M. Thorne* and *F. B. Kimball,* for appellant.

*G. A. Ewing* and *Ball & Ball,* for appellee.

WITHROW, J.—Suit was brought in the district court of Johnson county by the appellant, the Peter Schoenhofen Brewing Company, against Chas. Giffey and Hannah M. Giffey, based upon three promissory notes executed by the defendants. The action was in three counts, respectively, on the several notes, their aggregate being about $580. For their answer the Giffeys admitted that they signed the notes in suit but denied any indebtedness thereunder for the reason, as pleaded by them, that the notes were given to the plaintiff for intoxicating liquors sold to the defendants by plaintiff, the appellant, and that at the time of such sales the appellees, who claim to be the only shareholders, constituted a duly organized corporation known as the Giffey Bottling Company, which was then unlawfully conducting a saloon at Lone Tree,

it being a saloon in excess of the number permitted under the mulct law, and that the sales of liquor to appellees, and in payment for which the notes in suit were given, were made by appellant with the knowledge by it that said saloon was being operated in violation of the mulct law, and that the liquor so sold by appellant was sold with the knowledge that it was intended to be sold in said saloon so unlawfully conducted. The appellees plead that for such reason the notes are null and void.

By way of counterclaim the Giffeys ask judgment against the brewing company, appellant, in the sum of $1,-592.13 for payments alleged to have been made by them to it at different times for intoxicating liquors purchased to be sold in violation of law, of which fact it is charged the brewing company had full knowledge. In reply the appellant denied that the Giffeys were conducting a saloon in violation of law, as claimed by them, and that, if they had any intent to violate the law in the course of. reselling the liquors so bought, the same was unknown to it. Further in reply the brewing company pleaded that the defendants Chas. and Hannah M. Giffey had not the right to interpose the defenses pleaded to the promissory notes sued upon.

Thereafter there was presented to the district court an application of the Giffey Bottling Company to be made a party defendant, claiming that it had an interest adverse to the plaintiff in the controversy. The application, in addition to reaffirming the statements of the Giffeys as to the transaction, which was the basis of the notes in suit, also pleaded that "the said Chas. Giffey and Hannah M. Giffey, by signing said notes and delivering them to the plaintiff, became sureties for the said Giffey Bottling Company upon said indebtedness." Because of such relation and liability, the Giffey Bottling Company claims an interest adverse to the plaintiff, appellant, and is interested in having the notes declared void and the indebtedness canceled.

The lower court permitted the Giffey Bottling Company

to be joined as a defendant, such being done without notice to the brewing company. Immediately upon hearing of such action the brewing company moved the court to vacate and set aside the order permitting the new defendant to come in. The motion was based on several grounds, including want of service of a copy of the same as required by the local rules of practice, for want of verification, and also upon the main ground that the Giffey Bottling Company was not a proper or necessary party defendant, that the makers of the notes did not claim to have signed as sureties, but that there was a novation whereby the defendants, the Giffeys, became solely liable to plaintiff, which accepted their notes in payment. This motion was overruled, to which ruling the appellant excepted.

' Thereafter the Giffey Bottling Company filed an amended and substituted counterclaim, covering in more detail the averments in its application and of the Giffeys in their answers. Against this pleading the appellant filed its motion to strike it in part and as a whole, stating as grounds those previously stated in the motion to set aside the order permitting a new defendant to come in. Both of these motions were overruled, and exceptions to the rulings were duly taken. From the rulings on the several motions this appeal is brought.

I. It is the claim of the appellee that the rulings of which complaint is here made by the appellant are not appealable. Appeals will not be allowed and may not be considered except when authorized by statute. Code, section 4101, states the different orders and rulings from which appeal to the Supreme Court may be taken. Only the first and fourth subdivisions of that section need be noticed in considering the present question, as the other divisions of the section are manifestly without bearing upon the case. Subdivision 1 allows appeal ''from an order affecting a substantial right in an action, when such order in effect determines the action, and

1. APPEAL: orders from which appeal may be taken.

prevents a judgment from which an appeal might be taken.''
Subdivision 4 allows appeal from ''an intermediate order involving the merits or materially affecting the final decision.''

From a consideration of the issue raised or right pleaded in the answer and counter-claim of the Giffey Bottling Company, it is obvious that the ruling of the trial court in permitting the pleading to stand was not such as in effect determined the action and prevented a judgment from which an appeal might be taken. In the trial under the issues thus presented, and for the purpose of this hearing we treat the pleadings as being sufficient to present an issue of law and fact, the trial court, did the facts so warrant, might have rendered judgment for the plaintiff on its claim and against the counter-claim, or for the defendant, or the Giffey Bottling Company on their counterclaim, and against the plaintiff on its claim. It needs no extended discussion to bring the mind to the conclusion that had the trial court under the plea of the Giffey Bottling Company held that the notes in suit were merely surety obligations, and that the bottling company had the right to set off against them its claim for money paid to the appellant for liquors intended to be unlawfully sold, from a judgment based upon such conclusion the right of appeal would be absolute in the plaintiff; and the appeal would necessarily bring up for consideration the legal sufficiency of the claim and of the defense of the Giffey Bottling Company, and also the question of its right to be heard. This general statement of the rule has support in the following cases: *Eggert & Lockwood v. Interstate Co.,* 146 Iowa, 484; *Jenks v. Smith,* 129 Iowa, 139; *Roberts v. Malloy,* 100 Iowa, 372. The case does not afford the right of appeal, as provided in the first subdivision of Code, Section 4101.

II. The provisions of the fourth subdivision of the quoted section allows an appeal from an intermediate order involving merits or materially affecting the final decision. A construction of this provision, as applied to the record in this case, requires to be determined the meaning which must be given

to the clause "involving the merits." Some courts in passing upon this clause have held that "it must be so interpreted as to embrace orders which pass upon the substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action or subject-matter in controversy." *Chapman v. Forbes,* 123 N. Y. 532 (26 N. E. 3) ; *Schaetzel v. Huron,* 6 S. D. 134 (60 N. W. 741) ; *Bolton v. Donavan,* 9 N. D. 575 (84 N. W. 357). The theory upon which such decisions have rested is that the ruling cannot be reviewed upon an appeal from a final judgment, and not to recognize the right of appeal from an intermediate order going to the merits, would in such cases deprive the litigant of his right to be heard in the appellate court on his claim of error. This is in effect the holding in *Bolton v. Donavan, supra,* which in its pleadings is similar to the present case and presents the question whether, in a suit to recover money only against a sole defendant, another party defendant may be brought in upon the application of the original defendant. In that case the North Dakota court held that an order permitting such new party to be brought in was one from which the plaintiff had the right of appeal, as he was thereby compelled to litigate his claim against a party he had not chosen to sue, and that it therefore involved the merits of the case. In support of its conclusion the North Dakota court cites decisions from the appellate courts of Wisconsin, Minnesota, and New York, in all of which states the statutes governing the right of appeal are substantially like our own sub-division 4 of section 4101. In the discussion which is found in *Bolton v. Donavan, supra,* the appellate court, in summing up its conclusion as to the effect of the holdings in many cited cases, states that the order permitting a new defendant to be brought in involved the merits and was appealable and was not one which "necessarily affects the judgment." But its last word on that proposition we quote: "If we are correct in this interpretation of the statute, the order could not be reviewed in this court upon appeal from final judgment. It would fol-

low, of course, that, unless the important order can be reviewed by an appeal taken from 'the order itself, there can be no review of the order at all.''

This summing up of its discussion by that court states correctly, we think, the real test which must be applied to every ruling to determine whether or not it may be made the subject of an appeal. If the question is or will be inherent in the final judgment and may be presented on appeal from that judgment, it must be treated as an interlocutory order, review of which may only be had upon the general appeal, excepting in such instances, as to pleading, where appeal is expressly allowed; but, if the ruling is of such nature and affects rights in such manner that they cannot be protected or affected by the final judgment, then appeal will lie. In the preceding division of this opinion we have stated the conclusion that, in whatever way the trial court or jury might find under the issues and the proven facts, there would have remained with the appellant the right of appeal, in the event of a judgment adverse to its claims; and this would have covered the question of the right of the Giffey Bottling Company to appear in the case.

2. SAME.

In filing its reply to the answer of the bottling company, should it desire so to do, it could take advantage of every question raised in its motion to strike, which was in effect a demurrer, and by so doing it would not be held to have waived its right to be heard on appeal as to alleged errors in the rulings now complained of. *Frum v. Keeney,* 109 Iowa, 393; *Geiser Mfg. Co. v. Krogman,* 111 Iowa, 503.

3. SAME: parties: waiver of objection.

We are satisfied that every right of plaintiff, the appellant, can be fully protected by the final judgment, when it shall be entered in this case, and that by appeal from it, should it be adverse to it, this appellant is entitled to have reviewed every ruling of the trial court to which exceptions shall be taken, included in which would be the questions involved in the present appeal.

We are therefore of the opinion that this appeal cannot lie. This conclusion renders it unnecessary for us to notice the questions raised as to the legal rights of the parties as pleaded, and as to the sufficiency of the pleadings of the Giffey Bottling Company as the basis for a counterclaim or as working a defense to the notes. Appeal *Dismissed.*

WEAVER, C. J., and EVANS and GAYNOR, JJ., concur.