LUTHER Fox, Appellee, v. MARY A. NOLAN, Appellant, and W. H. GLYNN, Appellee.

Trial: WAIVER OF JURY TRIAL. By failing to appear and defend an action regularly assigned for trial, pursuant to a trial notice filed in conformity with the statute, the right to a trial by jury is waived.

Same: DEFAULT JUDGMENT. By failing to appear and defend when a
2    cause is regularly reached for trial the plaintiff is entitled to present
     his case, and the court may proceed to hear the evidence and deter-
     mine the issues without the intervention of a jury.

Judgments: VACATION. The court may during the term vacate a judg-
3    ment entered on the showing of plaintiff, and because of defend-
     ant's failure to appear at the time set for trial.

*Appeal from Madison District Court.*—HON. J. H. APPLEGATE,
Judge.

TUESDAY, FEBRUARY 17, 1914.

APPEAL by Mary A. Nolan from judgment against her on
promissory notes.—*Affirmed.*

*C. A. Robbins,* for appellant.

*Sam C. Smith* and *W. S. Cooper,* for appellee Fox.

*John A. Guiher,* for appellee Glynn.

WITHROW, J.—I. Suit was brought in the district court
of Madison county for several promissory notes held by plain-
tiff, Fox, against Mary A. Nolan and W. H. Glynn, the
makers. Separate answers were filed by the defendants; that
of Mary A. Nolan pleading want of consideration as to her-
self, with other defenses not material to the questions now
presented. The answer was filed May 7, 1912.

Trial notice for the October, 1912, term of the court
was duly filed by plaintiff's attorneys more than ten days
prior to the opening of the term. In the printed bar docket
for the term this case appeared among those noted for trial.
The cause was assigned for trial on October 10th, and de-
fendant not appearing, nor her counsel, default and judg-
ment were entered against her. Afterwards, and during the
term, motion was filed to set aside the judgment as to Mary A.

Nolan, which upon being considered was overruled, and this appeal is taken.

II. Three errors are assigned. First, that the court erred in assigning the cause for trial when no trial notice had been served or noted as required by law. The record shows to the contrary. Trial notice was filed with the clerk in the manner and for the time fixed by Code, section 3658.

1. TRIAL: waiver of jury trial.

III. The second alleged error is in not submitting the issues to a jury. Either party to an action at law is entitled to a jury trial, but such right may be waived. Code, section 3733, provides that trial by jury may be waived by a party by suffering a default or by failing to appear at the trial. The defendant made no appearance on the day the cause was noted for trial, and the amendment to the abstract shows that the assignment was regularly made, and also that the required trial notice had been served. There was such failure to appear as constituted a waiver of the right to a trial by jury.

IV. The third assignment charges error in entering default against appellant when answer was on file. Technically the appellant was not in default, as she had answered. But, applying the term more broadly, there was no action taken by her for the further assertion of her rights, and, when the cause came regularly on to be heard, the plaintiff was entitled to a trial. The entry of the trial court is entitled "default and judgment." It recites the failure of the defendant Mary A. Nolan to appear in person and by counsel. Suit was upon promissory notes, the signatures to which were not denied. Upon introduction in evidence they were sufficient to warrant judgment against the makers. The record entry recites the fact that hearing was upon the evidence, and that the judgment was based upon it. It might have been silent as to the fact that default was entered against Mary A. Nolan, and yet in its recitations con-

2. SAME: default: judgment.

tain all that was needed to be shown to justify the trial court in entering judgment against appellant.

V. It appears in the amendment to the abstract that on the day the cause was to be tried, under the previous assignment, counsel for appellant was informed of such fact over the telephone, by the clerk of the district

3. JUDGMENTS: vacation.

court, and of the request of the presiding judge to know what counsel wished to do. He replied that he was not interested in the case, but would be there when another case *(Nolan v. Roach)* was to be tried. The trial court, in the exercise of its discretion, might, upon proper showing during the term, set aside the judgment, and grant a new trial. The record noted presents no conditions requiring such action.

There was no error, and the judgment is—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.