IN RE RECEIVERSHIP OF BANK OF HAMBURG.

FRED RISSMAN, Appellee, v. JOHN LINGO, Receiver, Appellant.

APPEAL AND ERROR: When Appeal Lies—Order Permitting Belated Filing of Claim. Appeal will not lie from an order which grants to a claimant in receivership proceedings the naked right to *file* and *prove* his claim after the time originally fixed for the filing of claims.

Headnote 1: 3 C. J. p. 579.

*Appeal from Fremont District Court.*—H. J. MANTZ, Judge.

JULY 1, 1927.

Appeal by the receiver of an insolvent bank from an order permitting a claimant to file a claim after the expiration of the time fixed by the court for the filing of claims.—*Dismissed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*L. R. Forsyth* and *Genung & Genung,* for appellee.

VERMILION, J.—The appellant is the receiver of an insolvent private bank. After the expiration of the time fixed by the court for the filing of claims in the receivership proceedings, the appellee presented his claim, based upon a certificate of deposit purporting to have been issued by the bank, and asked that he be permitted to prove his claim and present to the court any excuse he had for not sooner filing the claim, and that it be allowed. He pleaded facts which he claimed entitled him to have his claim allowed, notwithstanding the fact that it was not filed within the time fixed by the court for the filing of claims.

The receiver resisted the application for the filing of the claim. The issue so raised was heard on an agreed statement of facts. The court below entered an order that the appellee "be permitted to file his claim against the receivership and prove the same upon its merits, and this order is made for the sole purpose of permitting the filing and proving of said claim, this court not passing upon the merits thereof." It is from this order that the appeal is taken.

Although the question is not raised by the appellee, we are constrained to say that the appeal will not lie.

This right of appeal must be found in the statute, if at all. By Section 12823, Code of 1924, an appeal may be taken from an order "affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken;" and also from "an intermediate order involving the merits or materially affecting the final decision."

We had these provisions under consideration in *Schoen-hofen Brewing Co. v. Giffey,* 162 Iowa 204, where, in an action upon certain promissory notes, a corporation, claiming to be the real debtor for which the makers of the notes, the defendants, were but sureties, asked to be joined as a defendant, and presented a counterclaim. The appeal was from the refusal of the court to vacate an order permitting the corporation to appear, and to strike the counterclaim. We said:

"We are satisfied that every right of plaintiff, the appel-. lant, can be fully protected by the final judgment, when it shall be entered in this case, and that by appeal from it, should it be adverse to it, this appellant is entitled to have reviewed every ruling of the trial court to which exceptions shall be taken, included in which would be the questions involved in the present appeal. We are therefore of the opinion that this appeal cannot lie."

We have many times said that it is not the policy of the law to permit either party to a controversy to prolong litigation and embarrass the course of justice by prosecuting an appeal from every interlocutory ruling by the trial court, and that the test of the right of appeal from such an order is whether the question is, or will be, inherent in the final judgment, and may be presented on appeal from that judgment. *First Nat. Bank v. Dutcher,* 128 Iowa 413; *State v. Des Moines City R. Co.,* 135 Iowa 694; *Schoenhofen Brewing Co. v. Giffey,* supra; *Northwestern Trading Co. v. Western L. S. Ins. Co.,* 180 Iowa 878; *McClurg & Walker v. McEvoy,* 188 Iowa 752; *Smith v. Waterloo, C. F. & N. R. Co.,* 191 Iowa 668; *Liberty Oil Co. v. Polk,* 193 Iowa 146.

The order permitting appellee to file and prosecute his claim did not prevent a judgment from which an appeal might be taken; neither did it involve the merits; nor would it materially affect the final decision, save as it would inhere in such judgment. The claimed equitable right of the appellee to file his claim after the expiration of the time fixed by the court for the filing of claims against the receiver would inhere in any final judgment allowing the claim, and an erroneous finding in that respect would be available to appellant in an appeal therefrom. *Eggert & Lockwood v. Interstate Inv. & Dev. Co.,* 146 Iowa 481;

*Goode v. Adams Exp. Co.*, 192 Iowa 1164; *Central Nat. Bank v. Brand*, 100 Wis. 648 (76 N. W. 608).

Had the appeal been by the claimant from an order denying him a right to file his claim, resulting in a denial of the claim without a hearing on the merits, a different question would be presented.

The appeal is—*Dismissed*.

Evans, C. J., and Faville, De Graff, Morling, and Kindig, JJ., concur.

Stevens, J., takes no part.