O. B. HEITZMAN, Appellant, v. A. G. HANNAH et al., Appellees.

OCTOBER 16, 1928.

*Herminghausen & Herminghausen*, for appellant.

*B. A. Dolan*, for appellee.

DE GRAFF, J.—This action is in equity, praying for foreclosure of a chattel mortgage. The conflict of rights is between two mortgagees, under mortgages involving the same property. The case comes to this court on the ruling on the demurrer to the petition. It is obvious, therefore, that the well pleaded facts of the petition must be viewed as admitted and considered as true.

What are the pleaded facts? It is alleged in the petition of plaintiff, to which the demurrer is referable, that, on December 4, 1922, the defendants A. G. and Lenna Viola Hannah, in consideration of a loan of $200, executed and delivered to the plaintiff, in the name of Heitzman Land & Loan Company, a promissory note bearing 3½ per cent interest per month, payable in installments of $16.66, beginning January 4, 1923, and providing that, in default of any installment of principal or interest, the note should, at the option of the holder, and without notice, become due and payable; that the plaintiff was duly licensed by the state of Iowa to make said loan and charge interest at the rate of 3½ per cent per month, and have the same secured by a chattel mortgage, under the provisions of Chapter 35, Acts of the Thirty-ninth General Assembly; that, to secure said promissory note, the Hannahs executed and delivered to the

plaintiff, Heitzman Land & Loan Company, a chattel mortgage, dated December 4, 1922, on personal property (described in said mortgage and involved in this action) of the value of $1,200; that the property, at the time of the execution and delivery of the mortgage, was owned by, in the possession of, and used as household goods by, the defendants Hannah, in Fort Madison, Iowa; that it is provided in said mortgage (a copy of which was attached to the petition) that, in the event of any attempt to dispose of or remove the said personal property or any part thereof from its present location, or whenever the said mortgagee shall deem himself insecure, the whole amount of said indebtedness shall become due and payable at once, and the said mortgagee is authorized, by himself or his agents, to take possession of any or all of said personal property, wherever found, and to sell said property, in whole or in part, at public auction or private sale, in order to pay any balance of said indebtedness; that said chattel mortgage was acknowledged by the mortgagors before O. B. Heitzman, notary public; that said O. B. Heitzman is the same person who transacted business and was licensed in the name of Heitzman Land & Mortgage Company; that said mortgage was filed for record in the office of the county recorder of Lee County, Iowa, on the 5th day of December, 1922; that the defendants Hannah on January 4, 1923, paid the plaintiff on said note and mortgage the sum of $16.66 and $7.00 interest due January 4, 1923, and accepted a receipt therefor, thereby ratifying and confirming the said loan and mortgage; that no other sums were paid on said note, and that there is due and unpaid on said mortgage, at the time of the commencement of the suit, the sum of $202.71; that plaintiff, since January 12, 1923, has deemed himself insecure, and that he is entitled to the possession of the personal property, and to sell the same to satisfy the indebtedness, together with all costs and expenses; that the defendants A. G. and Lenna Viola Hannah have absconded, and their whereabouts are unknown to the plaintiff, and plaintiff is unable to serve the said defendants with personal notice of this suit; that, on the 12th day of January, 1923, after the plaintiff's mortgage was recorded, and plaintiff's note was ratified and confirmed by the defendants Hannah, the defendant Duncan-Schell Furniture Company took and now has possession of the property involved, without the consent of the Hannahs, and

solely under and by virtue of a certain written instrument which, in the body thereof, purports to be a chattel mortgage by defendant A. G. Hannah; but that the same is neither signed nor acknowledged by the defendant A. G. Hannah, but is signed and acknowledged by and in the name of Mrs. A. G. Hannah; that the said defendant furniture company claims to have a lien on the property involved, under and by virtue of said written instrument; that the said furniture company withheld said written instrument from record in the office of the county recorder of Lee County, Iowa, from the date thereof, to wit, February 10, 1922, and did not file the same for record until January 12, 1923, and not until plaintiff had received its mortgage, and after plaintiff parted with the consideration therefor, and after plaintiff had filed its mortgage, and after the Hannahs had ratified and confirmed the said note and mortgage; that, prior to plaintiff's parting with the consideration for the note and mortgage, plaintiff examined the record in the office of the county recorder in Lee County, and found no lien recorded against the property involved; that the defendant furniture company, by withholding its written instrument from record, induced plaintiff to part with the consideration for its note and mortgage; that plaintiff had neither constructive notice nor actual knowledge of the defendant company's claimed lien against the property involved; that plaintiff, on February 13, 1923, under and by virtue of its mortgage, demanded of the defendant furniture company the possession of the property involved, with which demand the defendant refused to comply; that the said defendant furniture company now detains said property from the possession of plaintiff; and that the actual value of the property detained by defendant is in an amount in excess of the indebtedness owed to plaintiff, including costs and attorney's fees.

The prayer of plaintiff is to the effect that a decree be entered defining the respective rights of the parties in the personal property involved, and that judgment be entered against the defendant Duncan-Schell Furniture Company for the possession of said property, and that the property, or so much thereof as is necessary, be sold, under foreclosure of plaintiff's mortgage, to satisfy the amount due plaintiff, and that, in the event that the defendant furniture company has disposed of any or all of said property, and is unable to return said property to the plain-

tiff, judgment be entered in favor of the plaintiff and against the defendant furniture company for the amount due plaintiff, and for general equitable relief."

To this petition the defendant furniture company filed a demurrer, in which it is recited (1) that the facts stated in the petition do not entitle plaintiff to the relief demanded, and (2) that it appears in said petition that plaintiff, O. B. Heitzman, as a notary public, took the acknowledgment to the mortgage made to him, under which he claims, and by reason thereof said alleged mortgage is null and void, and is not entitled to be filed of record, and would not and does not impart notice to said defendant, and in consequence thereof plaintiff is not entitled to the relief asked against the defendant furniture company. The trial court sustained this demurrer.

In passing, it may be observed that the nomenclature of the statute, Section 11130, Code of 1924, was not used by the defendant in its pleading. Under the present statute, every defense in point of law arising upon the face of a petition in equity shall be made by a motion to dismiss. In brief, Section 11130 limits defensive matters of law, as in the instant case, to challenge by a motion to dismiss. We will, however, construe the instant demurrer a motion to dismiss, and so limit it.

The petition alleges that the chattel mortgage executed and delivered to the plaintiff by the Hannahs was acknowledged before O. B. Heitzman, a notary public, and that the said Heitzman was the person who transacted the business in question with the Hannahs, and who was licensed in the trade name of Heitzman Land & Loan Company. This fact precludes any claim that the recording of said mortgage imparted constructive notice to third parties. *Wilson v. Traer & Co.*, 20 Iowa 231; *City Bank of Boone v. Radtke*, 87 Iowa 363; *Smith v. Clark*, 100 Iowa 605; *Farmers' & Merchants' Bank v. Stockdale*, 121 Iowa 748. The appellant concedes the law in this particular to be as claimed by appellee, but contends that this point is not determinative of this appeal. In this we concur.

The point made by appellant is that the appellee furniture company was not entitled to record notice of appellant's mortgage, for the reason that it (furniture company) was the holder

of a prior unrecorded mortgage, and was derelict in withholding its prior mortgage from the record. In other words, the appellant loan company was entitled to have notice of the appellee's prior mortgage, but it did not have either actual or constructive notice thereof. See *Sheets v. Poff,* 123 Iowa 714; *Kern v. Kiefer,* 204 Iowa 490. The appellant was not at fault, but, on the contrary, the appellee was the immediate and sole cause of the conflict of equities in the instant situation.

In the instant case, the appellant's mortgage was recorded, but the recording was without legal effect to impart constructive notice. The void acknowledgment of the mortgage did not make the position of the mortgagee less than if the mortgage was not recorded at all. The appellant loan company owed no duty to appellee of recording its mortgage, for the reason that the appellee furniture company was not a subsequent purchaser. It was the duty of the furniture company to record its mortgage prior to the creation of rights in the appellant as to the involved property. The loan company may be viewed as a subsequent purchaser, in relation to the appellee furniture company. This discussion is predicated on the theory that the appellee furniture company's mortgage is a valid mortgage, a point which we deem unnecessary to determine on this appeal.

We conclude that the sustaining of the demurrer was error, and the judgment entered is, therefore,—*Reversed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.