STATE OF IOWA ex rel. ROY E. ADAMS, Appellee, v. J. A. MURRAY, Defendant, Appellee, JOHN P. TINLEY, SR., Defendant on Cross-petition, Appellant.

No. 42313.

FEBRUARY 13, 1934.

Edward L. O'Connor, Attorney-general, Clair E. Hamilton, Assistant Attorney-general, Howard B. Scott, and Floyd W. Elston, for plaintiff.

Roy E. Havens, for defendant Murray.

Wright & Baldwin, Geo. S. Wright, Addison G. Kistle, Paul E. Roadifer, and James Parsons, for defendant Tinley.

MITCHELL, J.—The facts in this case are not in controversy. On the 25th day of October, 1932, a vacancy was created in the office of the judge of the district court of the Fifteenth judicial district of the state of Iowa by reason of the death of the Honorable J. S. Dewell, judge. On the 31st of October, 1932, the Honorable J. A. Murray was nominated as the Republican candidate to fill said vacancy, and on the same day the Honorable John P. Tinley, Sr., of Council Bluffs, was nominated as the Democratic candidate to fill the unexpired term of the Honorable J. S. Dewell, to be voted for at the general election November 8, 1932. The said nominations were properly certified and the names of the two said candidates were printed on the ballots to be used in said general election. On the 1st day of November, 1932, the Honorable J. A. Murray was duly appointed by the then governor of the state of Iowa, and qualified as judge, to fill said vacancy in said office, and acted as judge up until after the election. It appears without dispute that the ballots at said general election were duly canvassed and returns thereof duly made and certified, and it was determined by proper officials that the greater number of votes was cast for the Honorable John P. Tinley, Sr., and he was accordingly declared elected as judge of the Fifteenth judicial district of the state of Iowa to fill the unexpired term of the late J. S. Dewell. The said Honorable John P. Tinley, Sr., duly qualified and immediately took office as said judge.

One Roy E. Adams was a citizen of the state of Iowa and a resident of the Fifteenth judicial district, and on the 23d day of December, 1932, caused to be presented to the county attorney of Harrison county a demand to commence an action in the name of the state of Iowa against the Honorable J. A. Murray, to determine his right to hold the office of judge of the Fifteenth judicial district. The said county attorney, being duly served with notice, refused to commence the action, and the said Roy E. Adams then secured an order of court, dated the 23d day of December, 1932, signed by the Honorable H. J. Mantz, presiding judge, granting leave to Roy E. Adams to commence and prosecute to its final determination an action in the name of the state of Iowa, on his relation, against the said J. A. Murray, to determine his right to hold and exercise the office of judge of the Fifteenth judicial district of the state of Iowa. In compliance with the said order, the said Roy E. Adams commenced an action in quo warranto in the name of the State of Iowa

ex rel. Roy E. Adams, plaintiff, v. J. A. Murray, defendant, to test said defendant's right to said office, and praying that the said J. A. Murray be ousted from said office of judge of the district court for the Fifteenth judicial district, in the state of Iowa, and that the claimant, John P. Tinley, Sr., be adjudged to be rightfully entitled to said office. To the petition of the said Roy E. Adams, the Honorable J. A. Murray filed an answer, in which he denies that he unlawfully holds and exercises the office of judge of the district court of the Fifteenth judicial district of the state of Iowa, and alleges that he was duly appointed to said office by the Honorable Dan W. Turner, Governor of the state of Iowa, on or about the 1st day of November, 1932. And that, under and by virtue of the said appointment and commission of the Honorable Dan W. Turner, Governor of the state of Iowa, his appointment was until the expiration of the term of the said J. S. Dewell, to wit, until the next general election to be held in November, 1934. J. A. Murray, the defendant, also filed a cross-petition against John P. Tinley, Sr., in which cross-petition the said Murray alleges that the said Tinley is claiming the right of holding the office of judge of the Fifteenth judicial district of the state of Iowa, the said office being the same office which the said J. A. Murray claims the right to hold; that there is a controversy between the said Murray, the defendant, and the said Tinley over the right to hold said office, and that a complete determination of the controversy between the plaintiff and the defendant herein cannot be made without the presence of the said John P. Tinley, Sr., in this action; and that J. A. Murray has a cause of action affecting the subject-matter of this action against the said John P. Tinley, Sr., and hereby makes the said John P. Tinley a defendant to this cross-petition in this action; and prays that the said John P. Tinley, Sr., the defendant in the cross-petition of the said J. A. Murray, be ousted from the said office of judge of the district court of the Fifteenth judicial district of the state of Iowa; and that the said J. A. Murray have such other general, equitable relief as the court finds and determines to be right and proper in the premises. To the cross-petition of the defendant Murray, the defendant on the cross-petition, John P. Tinley, Sr., filed a motion to strike, setting up, among other grounds, the following:

"I. That this is an action in quo warranto commenced by the State of Iowa on the application of Roy E. Adams, a citizen of Har-

rison County, Iowa, against defendant J. A. Murray, as provided by chapter 531, Code of Iowa, 1931, in which application Roy E. Adams, a citizen of the State of Iowa filed an application showing that the County Attorney of Harrison County, Iowa, refused to commence said action against J. A. Murray, the said application on file is made a part by reference.

"That upon said application the Hon. H. J. Mantz, on the 23d day of December, 1932, made and entered of record an order granting leave to Roy E. Adams to commence and prosecute this action against J. A. Murray, which order was made as provided by section 12420, Code of Iowa, 1931, which order is incorporated herein by reference.

"II.  That pursuant to said order the petition in this case was filed by the State of Iowa.

"III.  That the County Attorney of Harrison County, Iowa, refused to bring and prosecute said action.

"IV.  That no order of court has ever been entered directing the prosecution of any action as against John P. Tinley, Sr., and said John P. Tinley, Sr., is not a party to the original action as filed by the State of Iowa.

"V.  That to the original petition, J. A. Murray filed answer as what he designated a cross-petition against John P. Tinley, Sr.

"VI.  That John P. Tinley, Sr., is a resident of Pottawattamie County, Iowa.

"VII.  That as provided by Section 12418 of Code of Iowa, 1931, in the action commenced under the order of the Hon. H. J. Mantz, there can be no joinder of any other causes of action or any counter-claim, and that part of the petition designated 'cross-petition' is an attempt to join in this action, which is an action of the State of Iowa against J. A. Murray, another action which is a separate and distinct cause of action against J. A. Murray.

"VIII.  That all of that part of the answer designated as a cross-petition and following the words 'cross-petition' in said answer, should be stricken from said answer and each and every part thereof stricken together with those parts of said answer which are incorporated by reference, for the reason that said cause of action constitutes a joinder of another and different cause of action than that referred to in the order of Judge Mantz, which said order is limited to an action maintained by Roy E. Adams, a citizen, for

and on behalf of the State of Iowa against J. A. Murray only, and that part of the answer of J. A. Murray designated as a cross-petition is wholly redundant, surplusage and creates no issue as applied to the original petition of the State of Iowa."

The motion to strike was duly submitted, and the lower court overruled the motion to strike, and from said ruling the defendant on the cross-petition, John P. Tinley, Sr., has appealed to this court.

It is too well settled to need any citation of authority that quo warranto is a civil action by ordinary proceedings and is the only remedy available to determine the right to a public office. The statutes in this state provide the manner in which an action of quo warranto may be commenced, both by a public official and by a private person. Statutes are as follows:

"Section 12419. By county attorney. Such action may be commenced by the county attorney at his discretion, and must be so commenced when directed by the governor, the general assembly, or a court of record.

"Section 12420. By private person. If the county attorney, on demand, neglects or refuses to commence the same, any citizen of the state having an interest in the question may apply to the court in which the action is to be commenced, or to the judge thereof, for leave to do so, and, upon obtaining such leave, may bring and prosecute the action to final judgment."

The statute last above quoted is very plain with reference to an action commenced by a private person. It can only be commenced by leave of court, and until permission of court is granted a private person has no right to commence such action. This provision is statutory, and, without an order granting leave to commence action, no such action could be maintained. And so in the case at bar, before an action of quo warranto could be commenced, it was necessary to secure permission of court. We find in this record that Roy E. Adams served notice upon the county attorney, who refused to commence the action, and then went into court and secured leave of court to commence the action, but it must be noted that he secured leave of court to commence the action against J. A. Murray only. He did not ask, nor did the court grant him, a right to commence an action against Judge John P. Tinley, Sr. Had the said Roy E. Adams or any other citizen desired, under the statute

in this state, he could have asked leave of court to have also commenced his action against Judge John P. Tinley, Sr., for section 12424 of our Code provides:

"Section 12424. Several claimants. When several persons claim to be entitled to the same office or franchise, a petition may be filed against all or any portion thereof, in order to try their respective rights thereto."

Why the said Roy E. Adams did not ask for permission to commence action also against John P. Tinley, Sr., does not appear of record, and we are unable to guess. There was no order of court secured, either authorizing the plaintiff-appellee or J. A. Murray to maintain any action against John P. Tinley, Sr. Under our statutory proceeding there are two forms of action available to test the right to an office. One, for and on behalf of the state, and in some instances by a private person in his relation to the state. The other form is to try the right to office between the two contesting parties. The latter is essentially a personal action. We have in the case at bar an action brought by a private person in his relation to the state, under an order of court, against J. A. Murray only.

The counterclaim which is here filed does not purport to be an action in the statutory form provided by quo warranto, but is an attempt to assert, independent of the statute, that which, standing alone, would be strictly a personal action, not in relation to the right of the state, but for and on behalf of J. A. Murray personally as against John P. Tinley, Sr., in an attempt to oust the said Tinley from an office which the said Tinley claims to be rightfully holding.

Suppose the original action against Murray should be dismissed, thus leaving standing alone the cross-petition of Murray as against Tinley. Standing alone the cross-petition could not be construed as an action in quo warranto, for the reason that the county attorney has never refused to maintain such an action to test the right of Tinley to the office. Nor has any request been made of him to commence such an action. Nor is there any order of court authorizing J. A. Murray, as a private person, to commence such action against John P. Tinley, Sr. It thus appears from the uncontradicted record that, as there was no request to commence the action as against Tinley, nor any order of court secured granting permission to commence an action as against Tinley, the two essential elements necessary to the commencement of an action of quo warranto as by our

statutes provided not having been complied with, the motion to strike the cross-petition was good, and the lower court erred in refusing to sustain the motion to strike same.

The appellee also filed a motion to dismiss the cause of action upon the ground that an appeal will not lie from an order overruling the motion to strike. This very question was before this court in the very recent case of Dorman v. Credit Ref. &. Rep. Co., 213 Iowa 1016, 1025, 241 N. W. 436, 441, and this court says:

"Frivolous appeals should be avoided. It is not the policy of the law to permit either party to a controversy to prolong litigation or delay the course of justice by prosecuting an appeal from every interlocutory ruling or order of the trial court. Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668, 182 N. W. 890; Schoenhofen Brewing Co. v. Giffey [162 Iowa 204, 143 N. W. 1017], supra; State v. Des Moines City R. Co., 135 Iowa 694, 109 N. W. 867; First Nat. Bank v. Dutcher [128 Iowa 413, 104 N. W. 497, 1 L. R. A. (N. S.) 142], supra; McClurg & Walker v. McEvoy [188 Iowa 752, 176 N. W. 673], supra; Liberty Oil Co. v. Polk, 193 Iowa 146, 185 N. W. 10; In re Receivership of Bank of Hamburg, 203 Iowa 1399, 214 N. W. 561. If the ruling or order complained of is inherent in the final judgment and may be presented on appeal therefrom, this is the procedure that must be followed. In re Receivership of Bank of Hamburg, 203 Iowa 1399, 214 N. W. 561; McClurg & Walker v. McEvoy, 188 Iowa 752, 176 N. W. 673, and many of the cases cited.

"If, however, the ruling, although intermediate or interlocutory, involves the merits or will materially affect the final decision, a direct appeal may be taken therefrom. This the statute in very clear terms permits."

Motion to dismiss will be overruled, and judgment of the lower court must be, and it is hereby, reversed.

EVANS, STEVENS, KINTZINGER, and DONEGAN, JJ., concur.