STATE OF IOWA ex rel. ROY E. ADAMS, Appellant, v. J. A. MURRAY. Defendant, Appellee; JOHN P. TINLEY, SR., Defendant on Cross Petition, Appellant.

No. 42648.

December 11, 1934.

Wright & Baldwin, Geo. S. Wright, Addison G. Kistle, Paul Roadifer, Edward L. O'Connor, Attorney-general, and Clair E. Hamilton, Assistant Attorney-general, for appellants.

Roy E. Havens, for appellee.

Per Curiam.—We shall incumber the reports with a statement of only such facts as are essential to an understanding of the questions decided. On October 25, 1932, Hon. J. S. Dewell, one of the

judges of the fifteenth judicial district, passed away. A general election was held on November 8th of that year. It will be observed that less than thirty days elapsed between the death of Judge Dewell and the day of election. Nevertheless appellant Tinley was nominated by the Democratic party and appellee Murray by the Republican party for the vacant office. Murray was appointed by the governor to fill the vacancy. At the election Tinley received the greater number of votes and a certificate of election was issued to him. Thereupon Tinley qualified in due form.

On December 24, 1932, the relator, after having duly obtained leave, began this action, in the nature of quo warranto, to oust Murray from the office in question. After considerable difficulty (see State ex rel. v. Murray, 217 Iowa 1091, 252 N. W. 556), and after leave had been obtained, an amended petition was filed by relator bringing Tinley into this suit and stating the cause of action against both Tinley and Murray. Such amended petition was filed on February 24, 1934. In the meantime and on February 15, 1934, proceedings in quo warranto were started in Pottawattamie county, upon the relation of George S. Wright, against Tinley; he being a resident of that county. It will be noted that the proceedings in Pottawattamie county were begun two days after the determination of the first appeal in this case and a few days before Tinley was brought into this case in Harrison county. On March 7, 1934, Tinley filed a pleading, designated a "motion to strike" in this suit. On April 11, 1934, Tinley filed a pleading designated "motion to dismiss". Tinley also filed a motion for a change of place of trial.

With this very brief statement of the history and facts of the case we believe it advisable to proceed to a consideration of the questions presented by the appeals.

I. In the beginning the pleadings were entitled as in equity and the case appears to have been docketed as an equity action. The court on its own motion transferred the cause to the law calendar. Under the statute the action is an ordinary proceeding (Code 1931, section 12417) and consequently belonged on the law calendar. The propriety of the order transferring the cause to the law calendar is not questioned by the parties, so the appeal must be disposed of as one at law, and conformable to the statutes and rules we shall confine our discussion to propositions relied upon by appellants for reversal which are argued in their briefs and arguments.

█ In the first instance it is urged in behalf of appellant Tinley that the Harrison county district court could acquire no jurisdiction to try his right to the office. This contention is based on two grounds: 1. In that Tinley was a resident of Pottawattamie county, suit could only be brought against him there. 2. In that quo warranto proceedings were instituted against him in Pottawattamie county prior to his being made a party to this suit, the Harrison county district court could not acquire jurisdiction over him to determine the same question. Under the holding of this court in State ex rel v. Claussen, 216 Iowa 1079, 250 N. W. 195, the first ground has no merit. There are no provisions in the Constitution of the state which restrict the power of the general assembly to require a resident of the state to answer in any court in the state. The legislature has provided that where more than one is claiming the same office, all claimants may be made parties to the suit. Code, section 12424. The general statutes relating to the place of bringing suits provide that actions may be brought in any county in which some of the defendants reside. Code, section 11049. The general statutes relating to parties to actions contemplate that all parties essential to the final adjudication of matters in dispute shall be made parties to the action. Code, chapter 486. Essential parties may be brought into an action regardless of the county of their residence. State ex rel. v. Claussen, 216 Iowa 1079, 250 N. W. 195; Code 1931, section 10972. In view of these definite expressions of legislative policy to bring into one action all parties essential to the full determination of the dispute, we cannot give to the section of the Code (11049) relating to actions which must be brought in the county of residence of the defendant the effect contended for by appellants.

The opinion in the first appeal in this case was handed down by this court on February 13, 1934. On February 15, 1934, the petition was filed against Tinley in the Pottawattamie district court by one of Tinley's staff of counsel. About a week later Tinley was made a party to the Harrison county suit. This time an order was obtained from the court permitting the relator to institute proceedings against Murray and Tinley and specifically authorizing relator to amend his pleadings for that purpose. We have indicated our conclusion that Tinley was a proper party in the suit in the Harrison district court. It would be strange indeed if parties interested in this important public question could defeat the expressed policy

of the legislature to have these conflicting claims tried in a single action, by hastily scampering into the courts of the counties of the residence of the respective claimants. It is our conclusion that the Harrison district court had jurisdiction to proceed with the case against both Murray and Tinley. These matters were ruled against Tinley when urged in the motion to strike and in the motion for change of venue. The rulings of the trial court were proper. See State ex rel. v. Claussen, 216 Iowa 1079, 250 N. W. 195.

██ When the motion to strike was overruled, an application was made to the trial court that proceedings be stayed pending an appeal from the order overruling the motion to strike. Upon the authority of Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016, 241 N. W. 436, and State ex rel. Adams v. Murray, 217 Iowa 1091, 252 N. W. 556, counsel for Tinley contend that the trial court was duty bound to grant the stay. It is of course obvious that a trial judge should not deny a stay of proceedings, pending appeal on a ruling on a motion to strike, merely because he is abidingly satisfied with the correctness of his ruling. It is equally certain that litigants cannot secure delay in the trial of cases through the simple expedient of filing a motion to strike in such form that it is bound to be overruled. We do not imply that such was the character or purpose of the motion under discussion. The matter of granting a stay pending appeal is one resting largely in the sound discretion of the trial court. Trial courts should, of course, consider that certainty in the disposition of litigation is to be desired as much as celerity. The question whether a stay must be granted by the trial court in every instance was not presented in the cases relied on. We may add that an application for stay of proceedings was presented to the then chief justice of this court and was denied by him after conference with the judges then in chambers. We have, in any event, expressed the conclusion, based upon such considerations of the motion to strike as counsel have urged in argument, that the motion to strike was properly overruled. In this situation it is difficult to see how prejudice resulted to appellants from the refusal to stay proceedings.

██ It has been stated that the action was docketed in the beginning as an action in equity and that it was transferred to the law calendar. We have carefully examined the briefs and arguments of appellants to learn whether complaint is made of the order transferring the case to the law calendar. We find none. The order transferring the case was made April 11, 1934. An examina-

tion of the abstract indicates that a motion for a change of place of trial and a motion to dismiss were filed by Tinley on April 11, 1934. The trial judge treated the motion to dismiss as a demurrer. Counsel for Tinley took the position that the motion to dismiss could not be called up for disposition except on five days notice. See Code, section 11133. But the action was then at law, and the court was undoubtedly right in treating the motion to dismiss as a demurrer. It has been held that a motion to dismiss filed in a law action may be treated as a demurrer. Heitzman v. Hannah, 206 Iowa 775, 221 N. W. 470. It would seem that the converse of such rule should be true. The record leaves no doubt but what the position of counsel was that the motion to dismiss retained its character as such notwithstanding the transfer of the case to the law calendar. They were emphatic in the declaration that no part would be taken in its submission until after five days notice. Counsel said:

"If the court please, I do not intend to file an answer so far as we are concerned, in order that the court may know and proceed in such order as the court desires. I intend to stand first on the right that I have, I think, to not have the motion to dismiss heard until the giving of the five day notice provided by law, which notice has not been given; and in the event that the court should overrule our objection here—the motion to dismiss and rule thereon, we do not intend to further plead."

It may be well to give a little more of the record. The motion to dismiss was filed on April 11, 1934. On that day the court announced that the ruling on the motion to dismiss would be reserved. It was upon such announcement being made that counsel for Tinley made the statement above quoted. The record discloses the following proceedings the next day, April 12th:

"The Court: Open court, Mr. Bailiff.

"I notice that the case seems to have been docketed by the clerk as an equity action. It has been tried as a law action up to this time and under the statute it plainly is an action at law, so that the court on its own motion now orders the case transferred from the equity calendar to the law calendar, and all parties except. * * *

"Now, taking up this motion to dismiss filed yesterday. While it is denominated a motion to dismiss, it is in effect nothing but a demurrer as provided by our practice in actions at law. The motion to strike this motion to dismiss, so-called, is overruled, and the

motion to dismiss, so-called, is overruled, and the defendant Tinley is ordered to either file an answer by tomorrow morning at nine o'clock or make his election to stand on the demurrer, or as he calls it his motion to dismiss. * * *

"The Court: There are two branches of this case, do you wish to introduce your evidence as to the defendant Tinley before Mr. Murray proceeds with his defense? If you do, we shall have to wait until an answer is filed or an election made. Of course, I want to expedite the hearing. Otherwise he is entitled under the statute—

"Mr. Kistle: I might as well tell the court now, as I did yesterday, that I do not intend to plead. So far as the convenience of the court is concerned, I do not intend to plead further.

"The Court: You elect to—

"Mr. Kistle: I am not going to make an election.

"The Court: Just announcing that you do not intend to plead further?

"Mr. Kistle: I do not want to do anything that constitutes any election, because I think this is a motion to dismiss, and I want to preserve my right. It is not with any desire not to facilitate the conduct of the court, but I do not intend to plead, neither do I intend to elect tomorrow morning by doing anything, that's all.

"The Court: Well, it is rather difficult for the court to understand just what our status is.

"Mr. Kistle: That is correct, and I want to preserve our rights, that's all.

"The Court: Well, we will wait the statutory time, then, to make any further record about the Tinley branch of the case, and if the attorney general is willing to do so we will proceed to hear the defense evidence, if any, on the part of Mr. Murray at this time."

Subsequently on April 12th the following record was made:

"Mr. Havens: I think that is all of the evidence that the defendant Murray wishes to offer. In view of the possibility that defendant Tinley might file some further pleading by tomorrow morning, I would not want to say that I am resting, your Honor, finally. If some further pleading is filed on his behalf we might want to offer some more evidence in behalf of Mr. Murray.

"The Court: Well, I understand that the statement is made in open court that he intends to file no further pleadings. Is that true?

"Mr. Kistle: It is true, your Honor. I do not intend to file any further pleading, so far as that is concerned, but I am not making any election. I do not want to delay the court by reason of the fact that I am not going to file any further pleading. The court doesn't need to wait until tomorrow on my account, so far as that is concerned, in what it might think it has the power to do. What I am trying to say is that I am not trying to hold up the court, so far as that is concerned, but I am not going to do anything that even decides whether I have elected, or not.

"The Court: That is to say, you might change your mind by tomorrow morning and might want to file something?

"Mr. Kistle: No, I don't want to say that.

"The Court: Shall we make the record that you refuse to plead further?

"Mr. Kistle: No. Because I do not intend to refuse. I may not plead further; probably won't, but I don't intend to refuse, because that contemplates that I have a duty to plead further, which I do not think I have, that's all."

The record of April 13th discloses the following:

"The Court: Open court, Mr. Bailiff.

"The Court: The defendant John P. Tinley yesterday filed a motion to dismiss as to the amended petition of the plaintiff. This was treated by the court, in view of the transfer of the case from the equity calendar to the law calendar, as a demurrer under the law practice. The statute gives the defendant until the next morning to elect whether to stand upon his motion or demurrer or to plead further. Announcement was made by his counsel yesterday that he did not intend to file anything further, and the court on examining the record this morning finds that no further pleading has been filed by him. He is therefore declared to be in default under the statute and the same consequences will follow because of his failure to plead as though a verdict were rendered against him in the case."

We do not have a situation in which, upon the transfer of the case from equity to law, a party is seeking a reasonable opportunity to protect himself in his pleadings. We have a situation in which the party is claiming that rules of equity practice obtain after the case has been transferred to law. It seems obvious that, upon the transfer of a case from equity to law, sound discretion must be

exercised by the court in permitting the parties to frame the issues by proper pleading, and to that end reasonable time should be afforded the parties. It seems equally obvious that after the case is transferred to law the rules of pleading in law actions govern. The complaint of Tinley is that the court refused to treat the motion to dismiss as though the case were still in equity and consequently subject to being called up for disposition only on five days notice. He does not complain that the court was harsh in his requirements as to pleading over, upon his motion to dismiss being overruled. As against the objection made we think the action of the trial court was proper.

The quotations from the record above set forth disclose clearly that default was properly entered against Tinley. Unless there was error on the part of the trial court in overruling the motion to dismiss—treating the motion as a demurrer—Tinley has no tenable complaint in this court. We have heretofore indicated that the ruling of the court upon the motion was proper. In the final judgment, the court held that Tinley was not entitled to hold the office. The propriety of this judgment under the record cannot be questioned. The facts established by the record bring the case squarely within the rule laid down in State ex rel. v. Claussen, 216 Iowa 1079, 250 N. W. 195.

The foregoing discussion, in effect, disposes of all contentions urged and argued by counsel for Tinley. Upon the Tinley appeal the judgment of the trial court must be affirmed.

The appeal of the state presents two questions. It is contended that Murray abandoned the office. This appeal is at law. Unless the findings of the trial court find no support in the record, the findings of the trial court upon this question will not be disturbed. Considerable testimony was taken upon this question. But little good would be done by attempting to state its substance. In the main it related to law work done by Murray subsequent to his appointment as judge. On the whole such work was in the disposition of work in his office at the time of his appointment. In the very nature of things most of it was done while this suit was pending. in which Murray was asserting and defending his right. Intention is an important element in the question of abandonment. 46 C. J. p. 980, section 137. On the whole it must be said that the finding of the trial court on this question finds ample support in the evidence and consequently cannot be disturbed.

The other contention of the state is that Murray is estopped from asserting that the election, at which Tinley received the greater number of votes for the office, was invalid. The one particular in which the record in this case differs from the record in State ex rel. v. Claussen, 216 Iowa 1079, 250 N. W. 195, is that Claussen took no part in procuring his nomination or in the election, while Murray did. Notwithstanding this difference in the record, the Claussen case is decisive of the question. In addition, it must be remembered that Tinley was not elected, and could not have been elected at the election, under the rule in the Claussen case. Tinley was not elected judge. Tinley fell under the attack of the state and not under Murray's attack. Even though Murray was estopped to deny the validity of the election, a successor to fill the vacancy had not been elected. Even though Murray were estopped to question Tinley's right to the office, the state was not thus estopped. If, as a result of action by the state, Tinley was ousted, Murray's tenure of office would not be at an end, even though he could not question the election, for a successor had not in fact been elected. Under the Constitution Murray was entitled to hold the office under appointment by the governor until a successor was elected and had qualified. To put an end to Murray's term the state must show the election of a successor.

We reach the conclusion that the judgment of the trial court must be affirmed upon the state's appeal.

There are several other matters which should, perhaps be noticed.

It is contended that because the attorney-general appeared in the action, subsequent to its commencement, relator Adams lost all control over the litigation. This contention is bottomed on the thought that in this manner the state had assumed control over the suit and in consequence Adams was excluded from further control. The fact is that the state did not assume to oust Adams in any particular or in any respect. When the attorney-general became interested in the action, an amended and substituted petition was filed, from which we quote:

"Comes now the plaintiff, and having first obtained leave of Court, makes and files this Amended and Substituted Petition, and respectfully shows to the Court:

"That he appears in person and by Edward L. O'Connor, the duly elected, qualified and acting Attorney General of the State of

Iowa, and Clair E. Hamilton, the duly appointed, qualified and acting Assistant Attorney General of the State of Iowa.

"That he is a citizen of the State of Iowa and a resident of Harrison County in the 15th Judicial District of the State of Iowa. That he has been granted leave by the Hon. H. J. Mantz, Judge of the 15th Judicial District, to commence and prosecute this action."

At no time did the attorney-general make a move to exclude the relator. For aught that appears in the record the attorney-general and the relator are in close accord. The record does not present the question whether the attorney-general could exclude the relator from control of the case. He has not endeavored to do so.

It is contended, in effect, that in view of the provisions of chapter 172, Acts of the 45th General Assembly, the trial court erred in rendering a judgment ousting Tinley. The thought seems to be that the court should have entered a tentative judgment to become effective only on affirmance by this court. There is no language in the act which can be held to contemplate such result. The first section of the act provides that salary and expense shall be paid to one who has received a certificate of election as judge during the time he acts as judge regardless of the result of any contest or action brought to test the validity of the election. Section two provides that the provisions of the act shall apply to such salary and expense as was unpaid at the time of the passage of the act. Section three validates, so far as that might be possible, the acts of the person so acting as judge. Section four provides that the act shall take effect on publication. None of these sections can be construed to produce the consequences contended for by Tinley.

Counsel for Tinley complain because the court treated the motion to strike much the same as a plea in abatement. While in the form of a motion, the result which would follow, if the motion were sustained, would be an abatement of the action as to Tinley, because the motion asked that allegations of the petition relating to Tinley be stricken. The grounds of the motion have been discussed in preceding paragraphs of this opinion. Counsel for Tinley are hardly in a position where they can complain because the court considered the import of the motion to be the same as a plea in abatement. Counsel for Tinley thus stated their position in the trial court:

"So far as setting down for trial the action of the State of Iowa against Judge Murray here, we have no objection to that because we don't think we are here—that is, so far as Judge Tinley is concerned. The pendency of that action in Council Bluffs destroys the jurisdiction and power of the court here to go further with this action here. They never had a right to start it because of another action pending.

"The long and short of it is that is our position. A plea in abatement is absolutely good. There is no question about it. It may be that this motion to strike should be designated a plea in abatement, but I don't think it makes much difference what you call it, the fact is we challenge the right and the power of the court to go any farther so far as Judge Tinley is concerned. It is an elementary principle of law and I don't think I need to argue it to the court."

■ Counsel for Tinley also complain because the course pursued by the trial court had the effect of depriving Tinley of a trial by jury. We have set forth a sufficient portion of the record to indicate that it was not the action of the trial court which produced this effect. Tinley was in default. The state and the defendant Murray specifically waived a jury. Counsel for Tinley were present when these things were being done. They stood on the proposition that their motion to dismiss could be called up for disposition only on five days notice. We have held against Tinley on this ground. He was not entitled to have the fact questions determined by a jury when in default or upon his failure to appear at the trial. This is the express provision of Code, section 11519. See, also, Fox. v. Nolan, 165 Iowa 302, 145 N. W. 491.

The trial court found that Tinley was not elected and was not judge, that Murray was entitled to hold the office under his appointment by the governor, and entered judgment accordingly. The judgment of the trial court is affirmed in all respects.—Affirmed.

STEVENS, J., takes no part.