URSULA VAUX, Appellee, v. ELMER HENSAL, Appellant.

No. 44205.

FEBRUARY 15, 1938.

Wilson & Harris, for appellee.

John L. Sloane, for appellant.

ANDERSON, J.—This case was brought in June, 1935, in the district court of Guthrie County, Iowa, upon an alleged lost promissory note. The defenses interposed by answer were: (a) A general denial; (b) denial of the execution of the note; and

(c) denial of the genuineness of the signature. The case was regularly noticed for trial for the February, 1937, term by the filing of a trial notice on the 15th day of December, 1936; the February term commencing on the 9th day of February, 1937. On the second day of the said February term of court the regular assignment of causes for trial at said term was made and this case was assigned for February 15, 1937, at 10 o'clock a. m. A copy of the assignment thus made was mailed to the office of Sloane & Sloane, attorneys at Des Moines, Iowa, on February 10, 1937. Sloane & Sloane maintained an office together in an office building in Des Moines, Iowa, but the attorney John L. Sloane claims that while he and his brother officed together that they are not partners or associated in the practice of law. On the 15th day of February, the day on which the case was assigned for trial, neither the defendant, Elmer Hensal, nor his attorney appeared in court, and under the court's instructions the clerk of the court called by telephone the office of attorneys Sloane & Sloane in Des Moines and informed that office that the case would be for trial at 1:30 p. m. the following day, February 16th. The attorney John L. Sloane admits that he was advised of the assignment of the case and also advised as to the telephone communication from the clerk. On February 16th, the case was called for trial by the trial Judge about 1:35 p. m. Neither the defendant nor his counsel were present. The trial court caused the courtroom and courthouse corridors to be paged for the defendant and his attorney, and about 1:45 p. m. the plaintiff was advised by the court to proceed with the trial of the case. At that time the court had no information from the defendant or his attorney as to why they were not present or as to whether they desired to be present and be heard. Counsel for plaintiff thereupon waived the jury, and the jury panel was excused for one week, at which time they were to return to try a case which had been specially assigned for that time. The court entered an order finding the defendant in default for want of appearance and proceeded to hear plaintiff's evidence. After a part of the evidence had been introduced, the proceedings were interrupted by Attorney Sloane who claimed that he had been delayed in reaching the courthouse and asked that the default be set aside and that he be permitted to make his defense to the plaintiff's claim. The court advised him that if he, Sloane, desired the court would require the plaintiff to reintroduce his

evidence and permit the defendant to make his defense, but that the trial must proceed before the court without the intervention of a jury, for the reason that the jury had been dismissed and that the case could not be tried at the present term of court to a jury. This the defendant's counsel refused to do, and, after some colloquy between the court and the defendant's counsel, the defendant's counsel left the courtroom. The evidence was completed upon the part of the plaintiff, and judgment was entered against the defendant for the amount of the promissory note involved with interest and costs. Nothing further appears to have occurred until about six weeks after the rendition of the judgment above mentioned, when on March 24, 1937, the defendant filed a motion to set aside the default and ·judgment, which motion was later submitted to the court and overruled. The defendant has appealed and alleges that the court erred in entering the so-called default for nonappearance against the defendant and permitting the plaintiff to prove his case, and further alleges that the court erred in overruling defendant's motion to set aside the default and the demand for a jury trial.

■■■ It may be that the order made by the trial court is not technically a ''default'' although such language has been repeatedly used by the trial courts in similar circumstances and its use has been sustained by this court. We had the same question before us in Fox v. Nolan, 165 Iowa 302, on page 304 of the opinion, 145 N. W. 491, 492, where we said:

''Technically the appellant was not in default, as she had answered. But, applying the term more broadly, there was no action taken by her for the further assertion of her rights, and, when the cause came regularly on to be heard, the plaintiff was entitled to a trial. The entry of the trial court is entitled 'default and judgment.' It recites the failure of the defendant Mary A. Nolan to appear in person and by counsel. Suit was upon promissory notes, the signatures to which were not denied. Upon introduction in evidence they were sufficient to warrant judgment against the makers. The record entry recites the fact that hearing was upon the evidence, and that the judgment was based upon it. It might have been silent as to the fact that default was entered against Mary A. Nolan, and yet in its recitations contain all that was needed to be shown to justify the trial court in entering judgment against appellant.''

■■■ There is practically no difference in the facts and in what was done in the Fox-Nolan case and the case at bar. In the instant case all that was done was that plaintiff was given permission to proceed to prove her case. The trial court stating at that time:

"This Court has had no information or word from the firm of Sloane & Sloane, and now declares them to be in default for want of appearance when this case is called for trial. Plaintiff will now be given permission to proceed and to prove up in this case."

The court had a duty to perform; the plaintiff had a right to proceed to try his case. If the trial court is to be met with a situation of this kind with no discretion or no right to insist upon a prompt disposal of the matter before it, then the business before the trial courts would be interminably extended. Plaintiff's evidence amply sustains the allegations of the petition, and the trial court was warranted in entering judgment upon such evidence.

■■■ Neither do we think that the trial court erred in refusing the defendant trial to a jury under the circumstances existing. When the defendant was not present at the time the case was assigned and called for trial, he waived his right to a trial by jury. As we said in Fox v. Nolan, supra:

"Either party to an action at law is entitled to a jury trial, but such right may be waived. Code, section 3733 [now section 11519], provides that trial by jury may be waived by a party by suffering a default or by failing to appear at the trial."

And we said in State ex rel. Adams v. Murray, 219 Iowa 108, l. c. 119, 257 N. W. 553, 559:

"He was not entitled to have the fact questions determined by a jury when in default or upon his failure to appear at the trial. This is the express provision of Code, section 11519."

The rule is stated in 35 C. J. 208, as follows:

"The failure of either party to appear on the trial of a civil case operates as a consent on his part that the issue be tried by the court without a jury, and in a number of jurisdictions, it is expressly so provided by statute."

That this is the general rule is indicated not only by the Iowa cases but by cases in other jurisdictions. See McEwen v. Fletcher, 164 Iowa 517, 146 N. W. 1, Ann. Cas. 1916D, 631; Shores Co. v. Chemical Co., 222 Iowa 347, 268 N. W. 581, 106 A. L. R. 198; Burroughs v. Umstead, 193 N. C. 842, 137 S. E. 581; Cerussite Mining Co. v. Anderson, 19 Colo. App. 307, 75 Pac. 158.

It is our opinion that, when the defendant and his counsel were not present at the time assigned for trial, their right to insist upon a trial by a jury was waived, and that, when the trial court offered to hear the entire case upon its merits, without the intervention of a jury, the defendant was offered all that he was entitled to, and having refused to proceed as directed by the court, he cannot now complain.

■■■ The defendant's motion, filed some six weeks after the judgment was entered, was, in our judgment, too late. Section 11551 of the Code provides that such motion or application must be made within five days after the rendition of the judgment or order complained of, unless the time is extended by the court. The motion in this case was not filed, as we have indicated, until six weeks after the entering of the judgment. It must be remembered in this connection that the defendant and his attorney were present in court at the time plaintiff's evidence was taken and they knew of the action of the court in the trial of the case and the entering of judgment, and yet they made no move to set aside any order or judgment until their time to do so had elapsed. It must be held that the motion was properly overruled by reason of the delay in filing it, and we are of the opinion that, even though the motion had been filed in the time prescribed by the statute, it contains no merit, and the court would not be warranted in sustaining the motion. We find no merit in any of appellant's contentions. An affirmance necessarily follows.—Affirmed.

STIGER, C. J., and MITCHELL, RICHARDS, HAMILTON, and SAGER, JJ., concur.