OSCAR BOOKIN, Appellee, v. IOWA SOUTHERN UTILITIES COMPANY, Appellant.

No. 43395.

JUNE 19, 1936.

REHEARING DENIED OCTOBER 2, 1936.

McNett, Kuhns & Brown, for appellant.

Jaques, Tisdale & Jaques, for appellee.

PARSONS, J.—Plaintiff, appellee herein, filed a petition at

law in three counts, seeking to recover from the defendant on account of purchases of stock in the defendant company, and claiming a re-purchase agreement. To this petition the defendant filed first a motion to strike, in eleven paragraphs, assailing various portions of the petition. This motion was filed on the 4th day of May, 1934, and was overruled by the court on the 24th of August, 1935, to which ruling the defendant duly excepted.

Thereupon, the defendant filed a motion for more specific statement as to each of the three counts. This motion was overruled on the 3d day of October, 1935, to which ruling defendant duly excepted, and appealed to this court on the 14th day of October, 1935, and on the 18th day of the same month obtained a stay order from this court staying further proceedings in the district court until disposition of this appeal.

On a consideration of this motion the plaintiff, appellee, in his argument raises the objection that a motion assailing a pleading cannot be followed by another motion assailing the same pleading, citing thereto section 11135 of the code, and several authorities from Iowa, and other states, besides Corpus Juris and Ruling Case Law. This being an Iowa case, the authorities in Iowa upon the matter are controling.

Section 3551 of the code of 1897 provided as follows:

"But one motion and one demurrer assailing such pleading shall be filed, unless such pleading is amended after the filing of a motion or demurrer thereto."

This was changed in section 11135 of the present code, to read as follows:

"Only one motion of the same kind and one demurrer assailing such pleading shall be filed, unless such pleading is amended after the filing of a motion or demurrer thereto."

Under the code of 1897 there would be no question but what the objection to filing the second motion would be good, because the statute at that time so provided. This change in the statute came about by the code commissioners' bill No. 229 at the extra session, when the code of 1924 was adopted, and was brought about by a discussion in the meetings of the Iowa State Bar Association of 1918-1919-1920, and the adoption of a resolution. In that matter the Bar Association had before it the discussion

of changing our rules in regard to pleadings in equity cases so as to have them conform to the federal proceedings.

A recommendation had been made by the committee on Law Reform of the Association, that our equity practice in regard to demurrers be made to conform substantially to the ruling of the federal practice. By the terms, however, of the act, as it now stands, it appears to go farther than the federal practice. What is meant by ''only one motion of the same kind assailing such pleading shall be filed, unless such pleading is amended after the filing of a motion or demurrer thereto''? In this case the defendant filed first a motion to strike. That was overruled. He then filed a motion for more specific statement, and that was overruled. The claim is made that he had no right to file the latter motion.

What is the purpose and object of motions, pleadings, in the district court? That the petition or answer, as the case may be, shall properly state such things as are necessary to state a cause of action or a defense. Matters stated in the petition or in the answer which have no relevancy whatever to the proper presentation of the cause of action should be stricken out. Matters in which the pleader attempts to state things, but does not make necessary specific allegations in presenting his case, may be corrected by a motion for more specific statement. Furthermore, our courts have held that an appeal may be taken from a motion to strike. They have also held that an appeal may be taken from a motion for more specific statement, and perhaps motions for other purposes might be appealable. The object of filing these motions is to have the pleadings so framed that it leaves for submission to the court only matters properly involved therein. It is hard for us to see that the legislature ever intended that this statute should be used for the purposes it is being used herein. Therefore, we come to the conclusion that one cannot follow a motion to strike with a motion for more specific statement, because these two motions are of the same kind. Any other ruling would permit needless appeals to the supreme court on any little question that might arise. The object of the law is to settle controversies, and to settle them within a reasonable time. There is no reason why, even under this statute, bearing in mind the general purpose of permitting a motion of this character, a pleader should not be held to incorporate all in one motion. To follow this rule, would

facilitate the work of the courts, would keep off needless appeals, for after all, the object of a lawsuit is that the courts may settle the difficulties between the parties as speedily as is consistent with due administration of justice.

In this case the defendant filed his motion to strike, which was overruled. Then he filed his second motion, consisting of two counts. In Count 1 there are thirteen numbered divisions. In the third paragraph of the motion there are four paragraphs lettered "a" to "d", inclusive, and in the fourth subdivision there are paragraphs "a" to "g", inclusive. As to Count 2, there are eight numbered paragraphs, each separate lettered subdivision referring to a different proposition, each of which might be made the basis of a motion for more specific statement. We think the defendant would have the same right to say, if he only assailed Count 1 of the petition by his motion for more specific statement, that each of the different numbered paragraphs or lettered subdivisions, were different and each could be made a subject of a motion, and so he might equally as well contend as to the portion of the motion assailing Count 2 of the petition. We do not think the law ever intended any such thing.

In N. W. Trading Co. v. W. L. S. Ins. Co., 180 Iowa 878, 163 N. W. 350, the defendant made a motion to require the plaintiff to divide the petition into divisions or counts, and further moved the court for an order requiring the plaintiff to make his petition more specific in some fourteen specific particulars. Both motions were denied, and from the rulings thereon an appeal was perfected to this court. In this case the court says on page 879:

"We shall not pass upon whether the overruled motions were in truth well made. That must be reserved for the time when, if ever, we determine the appeal. Many actions of trial courts from which we must entertain an appeal are affirmed. It follows that the right to appeal does not depend upon whether the appeal is meritorious."

The opinion then cites and comments upon a number of cases and instances in which the ruling on motions was not appealable, citing Schoenhofen Brewing Co. v. Giffey, 162 Iowa 204, 143 N. W. 1017, in which it was said that "the test of appealability is said to be whether the question is or will be

inherent in the final judgment and may be presented on appeal from that judgment. If the ruling is of such a nature and affects rights in such a manner that they cannot be protected by appeal from the final judgment, then an appeal will lie. But if the question involved will inhere in the final judgment and can be presented in an appeal from that judgment, it will be treated as an interlocutory order, review of which can only be had upon the general appeal." Again the court says: (page 881 of the N. W. Trading Co. case)

"It is in view of this that we declare that it is not the policy of the law to permit either party to a controversy to prolong litigation and embarrass the courts of justice by prosecuting an appeal from every interlocutory ruling of a trial court. We have, however, held in many cases that an error in overruling a motion to make more specific is waived by answering."

In Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016, 241 N. W. 436, 438, the court says on page 1019:

"It is not always easy to determine whether an intermediate order necessarily involves the merits or materially affects the final decision. The test by which the right of appeal from an intermediate order is to be determined is: Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment?" And then points out that the court has held in many cases that appeal directly from the ruling or order of the court, and without entry of final judgment, is permissible.

The question of what will be the final outcome in the supreme court should not be taken into consideration in determining whether or not one has the right to appeal from an interlocutory order settling the pleadings. To so hold, as we are asked to hold in this case by the appellant, is to make the trial of an ordinary lawsuit in the district court difficult where the defendant, conscious perhaps that in the end he will have a judgment against him starts in to put off the evil day as long as possible. We can adopt a narrow rule, or a broad rule, in this case. To adopt the view that a motion assailing a petition, with the end of carrying out the purpose for which such pleadings are allowed, can be filed upon one ground, and then filed upon

another ground, makes the period of time when that lawsuit will be ended guess work. To hold as the appellant asks us to hold, is to permit a half dozen appeals by some skillful lawyer, who says: Our first motion was to strike, our second motion was to make more specific; they are not both of the same kind. That may be true, if we adopt the narrow construction of this statute, which inevitably will result in a succession of appeals in the same case, where either party does not desire to go to trial. If one can say that a motion to strike is not the same kind as a motion to make more specific, then one can say that a motion to strike or make more specific as to one count of the petition, is not a motion that cannot be filed to another count. In other words, it can be subdivided so much that each separate question may be submitted, because they are not the same kind of motion, they are not aimed at the same end, not both of these motions divided into counts to make more specific are motions of the same kind in the broad view of the matter.

We know it is a somewhat debatable matter, but to permit the practice attempted to be indulged in here would be to lend our countenance to numberless delays in getting cases tried. Actions are commenced in court to obtain legal rights, to have justice done. Justice delayed is justice denied. Courts have been charged too much with delaying justice, and we cannot believe that the legislature in enacting this change in the statutes intended or contemplated that it would be used as used here. If the party filing the motion is convinced that it is right, and is willing to rest his case upon the ruling upon it, he has a method of doing it. He can stand upon it, permit judgment to go against him, then appeal to this court, and if error has been committed, the case will be reversed. He is fully protected in this way, and the trial of cases is expedited. With a half dozen appeals in one case, it becomes impossible to expedite justice. So taking into account the necessity that speedy disposition of cases be made in court, that a lawsuit may sometime come to an end, we think that the defendant in this case is unjustly attempting to put off the day when the matter can be finally adjusted, and that this should not be permitted. We might lay down a rule here which would cause people to cease to remember and talk about the mythical Jarndyce case, the Jones County Calf case, in the courts for twenty-five years, and of other instances of litigation in which it has lasted for years and years, before

1342

final termination. To put off final decision by tactics of evasion is unjust. Therefore, in accordance with the views herein expressed, the opinion in the lower court is hereby affirmed.— Affirmed.

DONEGAN, C. J., and ANDERSON, MITCHELL, KINTZINGER, and HAMILTON, JJ., concur.