HARRY HILLJE, Appellee, v. TRI-CITY EQUIPMENT COMPANY et al., Appellants.

No. 44027.

44

NOVEMBER 16, 1937.

REHEARING DENIED MARCH 18, 1938.

Lane & Waterman, for appellants.

Block & Block, for appellee.

MITCHELL, J.—Harry Hillje commenced this action at law to recover on a written instrument made, executed and delivered by the Tri-City Equipment Company and E. E. Swain, manager and owner, in the amount of $1,500. Plaintiff filed a motion to strike certain parts of the answer and counterclaim of defendant, which motion the lower court sustained, and Swain has appealed.

The petition alleges that the Tri-City Equipment Company was owned and operated by E. E. Swain, who made, executed and delivered, for a valuable consideration, to Harry Hillje a certain promissory note in the amount of $1,500, said note being in the following form:

"$1500.00 July 24th 1934

"Six Months after date we promise to pay to the order of Harry Hillje Fifteen Hundred and no/100 Dollars

"Payable at 127 E. Sd. St., Davenport, Iowa.

"Value received with interest at 6 per cent per annum after Maturity.

"Settlement to be made in accordance with Contract between Both Parties Ref

Incorporation

"Tri-City Equipment Co.
"E. E. Swain Mgr. & Owner."

The answer filed admitted the execution of the instrument and stated that "the defendants specifically deny that said instrument is, or was, intended by the parties to be a promissory note but that in truth and in fact the same was intended to be merely a receipt." On the 20th day of February, 1936, at the time the case was reached for trial, appellant filed a pleading entitled "Amendment to Answer and Counterclaim," the material part of which is as follows:

"Further answering plaintiff's petition, and as an additional defense thereto, the defendant alleges that on or about July 21, 1934, the plaintiff entered into an oral agreement with defendant E. E. Swain, who is, and was, engaged in business under the trade name of Tri-City Equipment Company, of which he then was, and now is, the sole owner and proprietor, by the terms of which plaintiff agreed to advance to said defendant the sum of Thirty-five Hundred Dollars ($3500.00) and in consideration therefor said defendant agreed that when said sum had been paid to him he would cause his business, to-wit: Tri-City Equipment Company, to be incorporated under the laws of the State of Iowa, and that upon such incorporation shares of stock would be issued to plaintiff and to defendant in an amount equal to their respective contributions to the business; that it was further agreed between said parties that as partial

consideration for the covenants and obligations assumed by plaintiff in said agreement that the defendant E. E. Swain would furnish plaintiff with a position as salesman and bookkeeper in Tri-City Equipment Company prior to and until the incorporation thereof at a salary of Twenty Dollars ($20.00) per week.''

It was then alleged that appellant furnished appellee with a position at the agreed salary and that appellee only partially performed the obligation assumed by him, advancing to appellant only the sum of $1,500; that he failed and refused to advance the further sum of $2,000, and that on this account appellee is not entitled to recovery. Then, in a separate count and counterclaim, based upon the same allegations, to-wit: the failure of appellee to loan the additional $2,000, appellant asked for damages because of the failure to loan the additional sum. To this pleading appellee filed a motion to strike, in various divisions. Division one seeks to strike from the third paragraph of the answer the following: ''That in truth and in fact the same was intended to be merely a receipt,'' and as grounds for this part of his motion appellee shows the court that the allegations which he asked to have stricken were irrelevant, sham, redundant and immaterial, and that appellant sought to interpret and change the meaning of and to vary the terms of the written contract sued upon. In a separate division he moves to strike the answer and counterclaim, for three separate reasons, as follows:

''First, that the consideration set forth in the defendant's alleged oral agreement with the plaintiff is wholly inadequate for the payment of Fifteen Hundred Dollars ($1500.00) in cash to the defendant by the plaintiff and that the only adequate consideration for the said payment to the defendant is the covenant and agreement of the defendant to repay such sum to the plaintiff as set forth in the note sued on herein.

''Second, that the contract of employment whereby the defendant alleges he was to employ the plaintiff as salesman and bookkeeper for a salary of Twenty Dollars ($20.00) a week is an entirely separate and collateral agreement from that sued on herein, being supported by a separate consideration, namely, the Twenty Dollars ($20.00) per week wages as set forth in the defendant's Answer.

"Third, that the alleged agreement whereby plaintiff is claimed to have subscribed for stock in the said corporation to be organized is wholly separate from and collateral to the promissory note sued on herein for the reason that the right to recover upon the said stock subscription is personal to the corporation when organized and for the further reason that, as set forth in the defendant's alleged answer, the defendant was not himself obligated to subscribe to stock in the said corporation and for the further reason that no damage whatsoever could inure to the defendant from any breach of the alleged subscription for stock in the said corporation to be organized."

I. The first proposition that confronts us is the claim of appellant that that portion of the motion wherein appellee asked to have stricken part of the original motion, was not filed within time.

Under section 11136 of the 1935 Code, all motions attacking an answer shall be filed before noon of the day succeeding that on which the answer is filed. This question was never raised in the lower court and for the first time it is argued here. This court has time and again announced that it will not consider on appeal questions which were not raised in the lower court.

II. The first part of the motion asks to have stricken from the answer that part which alleges that the instrument which is referred to as Exhibit B was intended to be merely a receipt.

The appellant in a long and very able argument insists that he does not violate the parol evidence rule, but overlooks the fact that the motion also contained other grounds, to wit: that it was irrelevant, sham, redundant and immaterial. Appellant says he is a business man, who owns and operates his own business, and then says that the instrument which he signed was a receipt. Yet that instrument contains these words: "I promise to pay the sum of $1500." The words of negotiability, "to the order of," were set out in this instrument. The rate of interest was included, and the time of payment was specified. None of these things would be contained in a receipt. When appellant in his answer alleges that this is a receipt, the pleading on its face shows that it is false and should be stricken as such.

Where the contract is ambiguous the court may and

will receive parol evidence to aid it in the construction of a writing. So, too, where there is doubt whether the instrument is the final agreement of the parties. But, where the parties have concluded all negotiations and have reduced their agreement to a promise to pay a certain amount of money on a certain day, that sort of a contract cannot be changed by parol evidence.

In the case of Bookin v. Iowa Southern Utilities Co., 221 Iowa 1336, 268 N. W. 50, 51, Justice Parsons, speaking for this court, at page 1338, said:

"What is the purpose and object of motions, pleadings, in the district court? That the petition or answer, as the case may be, shall properly state such things as are necessary to state a cause of action or a defense. Matters stated in the petition or in the answer which have no relevancy whatever to the proper presentation of the cause of action should be stricken out."

The lower court was right in sustaining this part of the motion.

III. We come now to the division of the motion to strike the counterclaim.

■■■ The allegations of appellant's counterclaim are based upon the fact that he claims appellee agreed to loan him $3,500 and that he only loaned him $1,500; that in consideration of loaning him the $3,500 Swain was to furnish appellee with a job at $20 a week and to issue stock to him in the corporation which was to be organized; that he did furnish appellee with a job at $20 a week, which appellee held for some time; that due to the failure to loan the additional $2,000 the corporation was not organized.

It is the claim of appellee that the employment contract was separate and had nothing whatever to do with the loaning of the money. With this contention we agree. Here we have a man who loaned $1,500 and who was to be employed at the rate of $20 per week. No claim is made that the employment was to continue for any fixed time. He might have stayed a day, or a week, or a month. The record shows he stayed only a short time. Could it be said that such an agreement was the consideration for the making of a loan in the amount of $1,500,

when there was no obligation on the part of the appellant to employ appellee any specified time?

There is another fact that shows conclusively that the loan agreement was separate from the employment contract, for the appellant alleges that appellee was to have the full $3,500 in stock in the corporation to be organized.

 Appellant presents a counterclaim for damages, resulting as he claims, from the failure of appellee to carry out the alleged contract to loan a specific amount of money. But there is no showing, claim, or allegation that he would sustain any damage from the failure of appellee to take and pay for stock in the proposed corporation. The pleading attacked does not show that appellee was to get anything for his money except something that did not exist, namely, stock in a corporation yet to be organized, and which the parties could not know ever would come into existence. The allegation is:

"That when said sum ($3,500.00) had been paid to him he would cause his business * * * to be incorporated * * * and that upon such incorporation shares of stock would be issued to plaintiff and to defendant in an amount equal to their respective contributions to the business."

Appellant's proposition is simply this: If one promises to loan $2 but actually loans only $1, his failure to loan the second dollar prevents him from recovering the dollar already loaned. This is, indeed, a novel theory. He does not cite any cases to support this contention; nor can we find any, and we do not believe there are any. Nowhere in his counterclaim does he allege any cause of action against appellee, and the lower court was right in sustaining the motion.

Judgment and decree must be, and it is hereby, affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, KINTZINGER, PARSONS, STIGER, and SAGER, JJ., concur.

RICHARDS, J., concurs in result.

DONEGAN, J., takes no part.