HERMAN SCHLOEMER, Appellant, v. HARM J. UHLENHOPP, Appellee.

No. 46843.

FEBRUARY 5, 1946.

Edward R. Boyle, of Clear Lake, for appellant.

Uhlenhopp & Uhlenhopp, of Hampton, for appellee.

SMITH, J.—    Plaintiff on appeal makes two contentions: 1, That Rule 177 of our Rules of Civil Procedure is repugnant to and in violation of his constitutional right to a trial by jury; and 2, that under the Rule as amended his motion for jury trial should have been sustained.

Appellee has filed no brief, apparently unconcerned as to the result of the appeal. This is understandable perhaps, in view of the nature of the action, but is unfair to the trial court which sustained his contention and to this court, unfortunately confronted by the duty of making a right decision, unaided by an appellee's brief and regardless of his indifference in the matter.

I. Rule 177, so far as material here, provides:

"(a) Jury trial is waived if not demanded according to this Rule; but a demand once filed may not be withdrawn without consent of all parties not in default.

"(b) A party desiring jury trial of an issue must file a written demand therefor, either by endorsement on his pleading, or within ten days after the last pleading directed to that issue."

It has been amended by adding thereto the following:

"(d) Notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court, in its discretion on motion and for good cause shown, but not ex parte, and upon such terms as the court prescribes, may order a trial by jury of any or all issues." Acts of the Fifty-first General Assembly, 340.

Appellant asserts the Rule is repugnant to Article I, section 9, of the Iowa Constitution which says: "The right of trial by jury shall remain inviolate * * *."

We have not heretofore been required to pass on the question raised by this assignment. However, in Hampton v. Burrell, 236 Iowa 79, 86, 17 N. W. 2d 110, 114, while the constitutional question was not raised, we said:

"Unless we are to ignore Rules 177 and 178 the denial of a jury trial does not entitle defendant to a reversal. The Rules preserve the right of jury trial in all cases in which it previously existed but provide that such a trial is waived if not demanded according to Rule 177. Incidentally, a statute in force from the Revision of 1860 until the Rules took effect provided that a jury trial could be waived. Section 11519, Code, 1939. See Vaux v. Hensal, 224 Iowa 1055, 1058, 277 N. W. 718; Shores Co. v. Iowa Chemical Co., 222 Iowa 347, 268 N. W. 581, 106 A. L. R. 198."

The dissenting opinion (by four justices) in that case makes no question of constitutionality of the Rule but argues that under the record the appellant had substantially complied with its requirements and should have been allowed a jury trial.

Appellant here cites eight cases from other jurisdictions and quotes general language from some of them asserting in various ways the inviolability of the right in a proper case to jury trial. We have examined all the cited cases and find in none of them any language or holding applicable to a statute or rule of court such as we have here regulating the procedure in civil cases by which the litigant

must demand his right. The same is true of the Iowa cases cited.

There seems no doubt of the proposition that the legislature may make reasonable regulations as to the practice and procedure in civil cases so long as the right to a jury trial is not materially impaired. 35 C. J., Juries, sections 146, 147.

"It may provide that to entitle a party to a jury trial he must make a demand therefor, and may prescribe at what stage of the proceedings, and in what manner, the demand shall be made, and may also require him to file within a certain time a notice that a jury trial will be demanded * * *." 35 C. J., Juries, section 148. See, also, 31 Am. Jur., Jury, section 32.

Statutory provisions analogous to Rule 177 are not unknown in Iowa. Section 10724, Iowa Code, 1939, pertaining to superior courts, provides: "When causes are assigned for trial, any party desiring a jury shall then make his demand therefor, or the same shall be deemed to have been waived." Enforcement of this rule was held not to deprive a litigant of any constitutional right. Waterman v. Randlett, Iowa, 84 N. W. 680.

Appellant concedes that under the Federal Rules of Civil Procedure Rule 38, 28 U. S. C., "a written demand for a jury trial must be in accordance with the rule." He argues, however, that the United States Constitution [Amendment 7] says "the right of trial by jury shall be preserved," whereas our Iowa Constitution [Article I, section 9] says it "shall remain inviolate," and that the difference in language compels a different construction.

We are not inclined to agree with this refinement of interpretation. The intention of the two constitutional provisions is obviously the same. No case is cited that holds there is any difference between "preserving" a right and holding or keeping it "inviolate."

A quite recent decision of the Illinois Supreme Court is in point because the constitution of that state also provides that the right of trial by jury "shall remain inviolate."

The Illinois Civil Practice Act contained provisions imposing upon litigants the duty to demand jury trial not essentially different from our Rule 177. The court says:

"The very words of the constitution intend that in order to have a jury trial, some affirmative act toward that end may be taken by a party litigant." Stephens v. Kasten, 383 Ill. 127, 132, 48 N. E. 2d 508, 510. See, also, Leahey v. Heasley, 127 Conn. 332, 16 A. 2d 609.

Appellant further argues that Rule 177 does "abridge, limit and modify" a substantive right and is therefore in excess of the rule-making power of the court granted by chapter 311 of the Acts of the Forty-ninth General Assembly, under which the Rules of Civil Procedure were promulgated. The argument begs the question. It assumes the correctness of the proposition sought to be proven. We think the reasonable regulation of procedure prescribed by the Rules does not abridge or limit or modify the right which the constitution says shall remain inviolate. It merely prescribes an orderly procedure by which the litigant may exercise his right.

II. Appellant's second contention requires a consideration of paragraph (d) of Rule 177, hereinbefore quoted. What constitutes "good cause" for failure to make timely demand? Has appellant, under this record, shown "good cause" requiring us to hold that the trial court abused its discretion in denying his belated motion for jury trial?

We are always reluctant to deny a litigant this valuable right of jury trial but the showing made here falls short of any reasonable legal concept of "good cause." The affidavit in support of the motion reveals only oversight or inadvertence.

The petition was filed August 11, 1945; the answer and counterclaim, September 4th; and the reply, September 20th. No demand for a jury was filed until October 18th. The motion recites that plaintiff himself was not at fault or negligent, that he desired a jury trial, and that the failure to make timely demand "was through inadvertence and was uninten-

tional and an oversight." The affidavit of his attorney bears out the allegations of the motion and the attorney frankly assumes responsibility for the failure to make demand:

"* * * since the Iowa Rules of Civil Procedure have become effective it has been my practice to place the demand ·for jury trial in a separate paragraph following the signature of the plaintiff or myself as attorney on the petition; that it was my intention in this instance to demand a jury trial in a separate paragraph endorsed upon the petition but through inadvertence this demand was omitted; that it was not omitted intentionally and was an oversight; that at the time the petition was filed it was my sincere belief that a jury trial had been demanded in the plaintiff's petition until October 8 when my attention was called to the fact that such a demand had not been made on the petition * * *."

No excuse or mitigating circumstance is shown.

We appreciate the straightforward and frank manner in which the matter is presented to us. Counsel bases his argument upon the proposition that there was never any intention to waive jury trial. A fair summary of his contention is embodied in this quotation:

"The fact that the rules have only been in effect for a short time should be taken into consideration by the court. The fact that the appellant himself is without fault should be taken into consideration. The fact that the appellant's counsel, upon discovering the circumstances, acted diligently and with expediency, should be considered. In this case, the issues are properly for a jury. Issues raised consist of both issues of law and issues of fact."

The fact that the Rules are new does not seem to have been a contributing factor in the present situation. It appears affirmatively that appellant's attorney was familiar with the Rule. Appellant must be held responsible for his attorney's knowledge of the Rule and for the inadvertence that resulted in failure to observe it. We cannot say there was an abuse of discretion in denying his motion for jury trial. To hold otherwise would be a virtual annulment of the

Rule. Each case must stand upon its own facts, and citation of authorities from other jurisdictions under different procedural rules and with different factual situations seems inadvisable.

The decision of the district court is affirmed.—Affirmed.

All JUSTICES concur.