J. A. TACKE, appellant, v. WILFRED J. HAUSER, appellee.

J. A. TACKE et al., appellants, v. WILFRED J. HAUSER et ux., appellees.

Nos. 48566
48682.

(Reported in 74 N.W.2d 219)

466

January 10, 1956.

A. N. Neu, of Carroll, and Page & Nash, of Denison, for appellants.

Leighton A. Wederath, of Carroll, for appellees.

WENNERSTRUM, J.—This appeal involves two cases. They have been consolidated for submission to this court. The initial action was for a declaratory judgment wherein it was asked the rights of the parties under a written contract for the sale and purchase of a property be determined. In this case J. A. Tacke is plaintiff and Wilfred J. Hauser is defendant. In the other case J. A. Tacke and Hazel Yoss, joint owners of a residence property, are plaintiffs and Wilfred J. Hauser and his wife are defendants. This was an action seeking to have the defendants removed from a residence in Carroll, Iowa, occupied by them. The property in the second case is not the one involved in the first case. The trial court, Honorable F. H. Cooney, entered its findings, rulings and decree in the first case and held the parties were in dispute concerning their contract, it had not been abandoned by them and no relief had been asked by either of them on that theory. It also held the portion of the contract having to do with the manner of the payment of the unpaid balance due on the purchase price agreed upon was void for uncertainty, and the plaintiff, Tacke, had not shown he was entitled to rent for the house in which the plaintiff had permitted the defendant to live. It also held the plaintiff had not shown he was entitled to charge the defendant for additional amounts by reason of the making of certain improvements on the property purchased under the contract. In the second case, a motion to dismiss was filed by the defendants wherein it was pleaded the relief sought was res judicata by reason of the decree in the first case. This motion was sustained by the Honorable R. L. McCord and the action was dismissed. Both decisions have been appealed.

On February 16, 1950, J. A. Tacke entered into a written contract with Wilfred Hauser wherein he agreed to sell to Hauser a residence property in Carroll, Iowa, for $4500. Sixteen hundred dollars of the agreed purchase price was paid at that time. It was therein agreed:

"It is further understood and agreed by and between the parties hereto that in the event that first party cannot deliver possession of said premises to party of the second part on or before March 1, 1950, that first party will furnish second party a place to live until first party can deliver title to the premises hereby agreed to be sold, or furnish second party a suitable place to live in the event that first party cannot deliver possession of the property hereby agreed to be sold to second party within a reasonable time after March 1, 1950.

"* * * and it is further understood and agreed by the parties hereto that if first party cannot deliver merchantable title to the premises agreed to be sold or sell to said second party other and different premises acceptable to second party, then and in that event first party will return to second party the $1,600.00 paid on the purchase price of the property hereby agreed to be sold, without interest thereon and each of the parties hereto will cancel any and all respective rights that each has against the other because of the failure to complete the foregoing contract of sale, it being understood by the parties hereto that all that is required of either is to restore each other to a status quo position and cancel all rights and liabilities created by this contract.

"* * * in the event said 2d party cannot re-finance the $2,900.00 still to be paid as above stated, then and in that event first party will either re-finance it for second party in a manner and form satisfactory to second party, or carry the balance, $2,900.00, personally himself and to become due and payable in such manner and form and according to such terms as the parties hereto hereafter agree, if and when 1st party can deliver possession of said premises hereby agreed to be sold, it being further understood that 2d party will pay at least $50.00 per month on said $2,900.00 with interest on said $2,900.00 or any unpaid portion of said $2,900.00 at the rate of interest of not to exceed five

[per cent] payable——annually, until said $2,900.00 is paid in full."

The prayer of the plaintiff in the petition in the initial case asked (1) the court find the defendant Hauser liable for rent of the house furnished for him while the title to the house sold under contract was being perfected and this rental be established at $60 per month. By a later amendment to the petition, recovery of $1440 for 24 months rent to February 1952 was asked, and (2) the court find the alleged contract was of no force or effect because of the failure of the parties to agree on the terms by which the balance of $2900 was to be handled by Tacke. And in the prayer it was further stated inasmuch as there was an agreement to make a future contract the acts of the parties constituted a rescission; that the parties be restored to their original positions and plaintiff be authorized to deduct from the $1600 down payment the amount due him for the rental of the house furnished Hauser and return the balance, if any, to him.

In the alternative, and only in case the prior prayer was denied, the plaintiff prayed and sought: (1) Hauser be required to pay the 1950 taxes on the property covered by the alleged contract, (2) Hauser be required to pay $1000 for the additional improvements put on the property by the plaintiff under a claimed subsequent oral agreement, and (3) plaintiff be granted general equitable relief.

The record is voluminous and it would be of no benefit to the bench and bar to set out a detailed account of the facts brought out in the trial. It is perhaps sufficient to state in December 1950 Tacke and another person who had previously held title to the property contracted to be sold to Hauser made settlement of their respective interests and Tacke became the sole owner thereof. Shortly thereafter work was commenced in getting the house in condition for occupancy and in keeping with Tacke's claimed understanding with Hauser. Certain improvements were made, some of which were done, with the apparent approval of Hauser and his wife. The plaintiff asserts that he is ready, willing and able to restore the $1600 paid by Hauser

on the contract, but maintains he should be allowed to deduct a reasonable rent for the place Hauser occupied. This is not the property sold on contract to Hauser. The trial court in its findings, rulings and decree held the contract was good except as to that part which provided the plaintiff was to carry the unpaid portion of the contract. It held this part of the contract was unenforceable. It also found and held Hauser was not obligated to pay the 1950 taxes payable in 1951, that he was not obligated to pay for the extra items of construction costs claimed by the plaintiff and was not obligated to pay rent for the house occupied by him under the terms of the alleged contract. It further held Hauser had a right to occupy the house rent free until such time as it is shown he has had reasonable opportunity to take possession of the premises claimed to have been sold. The facts heretofore set forth apply to the second case which was disposed of by the ruling on the motion to dismiss.

The plaintiff asserts as a basis for reversal: (1) the alleged contract is not a definite and enforceable contract, (2) the plaintiff is entitled to rent for the residence property occupied by defendant pending the acquisition of title by plaintiff, and (3) if the contract is found to be good the defendant should be required to pay for the extra improvements made on the house which it is claimed had been contracted for by a subsequent oral agreement of the parties.

I. The plaintiff, as one of his grounds for reversal, alleges the contract is not definite and enforceable. There was no such allegation in the plaintiff's petition. In the prayer of the petition it is stated the failure of the parties to agree under the terms of the contract rendered it ineffectual and void. It is claimed this statement in the prayer is equivalent to an allegation of uncertainty.

A statement in a prayer of a petition is not an allegation of a cause of action. Baker v. Baker, 220 Iowa 1216, 264 N.W. 116, 103 A. L. R. 995; 71 C. J. S., Pleading, section 4, page 23, section 95a, page 238; 41 Am. Jur., Pleading, section 110, page 366. A matter not presented by pleading for determination in the trial court will not be considered on appeal. McManis v. Keokuk Savings Bank & Trust Co., 239 Iowa 1105,

1109, 33 N.W.2d 410; Hilliard v. Hilliard, 240 Iowa 1394, 1401, 39 N.W.2d 624. Inasmuch as the contention now made in this court was not raised in the trial court and is now presented for the first time on appeal we cannot consider it as ground for reversal. On the trial in the lower court the principal issue concerning which most of the evidence was introduced related to the question whether the plaintiff was entitled to rent and upon the theory an additional contract had been entered into for extras for improvements on the house covered by the contract of purchase. There is no basis in the pleadings for the contention now made on this appeal.

■ II. The plaintiff further maintains he is entitled to rent for the residence property occupied by the defendant under the terms of the contract. The trial court in its findings, rulings and decree stated:

"Defendant has occupied another dwelling during this dispute. Under the contract plaintiff agreed to 'furnish second party a place to live until first party can deliver title to the premises hereby agreed to be sold.' He also agreed to 'furnish second party a suitable place to live in the event that first party cannot deliver possession of the property herein agreed to be sold to second party within a reasonable time after March 1, 1950.' Defendant and his family have occupied a dwelling designated by plaintiff, since just after the contract was signed. Plaintiff claims defendant should pay rent for the house occupied. Defendant claims it was to be furnished free of rent.

"The word 'furnish' has been defined in Webster's New International Dictionary as meaning, 'to provide; supply, give; afford.' In this case its meaning must be determined in the light of surrounding circumstances. * * *

"Defendant should have his present dwelling rent free for such time as was required to make the new house available to defendant. This does not mean he may have it rent free indefinitely. If he had the opportunity to take possession of the new house ready for occupancy, and on the terms of the contract, then any further delay in taking possession was defendant's and he should pay reasonable rent for the present dwelling place during the time he was responsible for the delay. On the record

made, the court cannot determine the rental liability, if any. This being only a declaratory action, the court will not give further relief as to rents but will leave that question to further decision.

"The contract did not necessarily contemplate that it would be performed before the tax for 1950 became a lien. The time was indefinite. Title was to be good and merchantable when the contract was performed. It was stipulated defendant was to pay the 1951 tax, nothing being said of the 1950 tax. Since the 1950 tax was presumably the liability of the owner, and defendant might not become the owner in 1950, the contract did not contemplate his paying the 1950 tax.

"In a cross petition defendant prayed for specific performance. He has not shown himself ready, willing and able to perform the things to be performed by him under the contract. He has not paid or offered the sum due from him. He links his prayer for specific performance with an offer to execute a note and mortgage to plaintiff on the minimum terms. But plaintiff was not required to accept such minimum terms. The court cannot decree that he shall accept them."

We find there is basis for the trial court's decision and we approve.

III. The plaintiff seeks recovery and payment for claimed extra improvements made to the house sold under the contract of purchase. We shall not review the evidence concerning this claim. All we deem it necessary to state is there is an insufficiency of evidence to support this claimed independent oral contract.

IV. We likewise hold the motion to dismiss the action seeking to remove the defendants from the residence property was properly sustained. In the court's ruling on the motion to dismiss it is stated in the initial action J. A. Tacke was acting on behalf of both plaintiffs to the ouster action. The question of a lack of similarity of parties was not raised in the trial court and we are not in a position to here consider it. However, see Kunkel v. Eastern Iowa Light & Power Cooperative, 232 Iowa 649, 658, 5 N.W.2d 899. Under the record made we find no basis for reversal of the court's ruling on the motion to dismiss.

V. The initial action was one for declaratory judgment, and the trial court, in its decision, merely interpreted the contract as presented. It was in no position to rewrite it. Further consideration of the contract, which was not prepared by any of the counsel appearing in this appeal, must await further developments and action of the parties to it.

On both appeals the respective trial courts are affirmed.— Affirmed.

All JUSTICES concur.