**Sandra KUHN, Appellee,**

v.

**Chris TANK, Appellant.**

**No. 52831.**

Supreme Court of Iowa.

Feb. 6, 1968.

ment against him based on findings he was negligent in failing to have his car under control, such negligence was the proximate cause of the collision and plaintiff was free from contributory negligence.

Defendant asserts error in finding (1) he was negligent, and (2) plaintiff was free from contributory negligence for the reason she failed to obey the traffic-control signal.

Defendant's brief cites only section 321.-256 Code, 1966 which provides: "Obedience to official traffic-control devices. No driver of a vehicle * * * shall disobey the instructions of any official traffic-control device placed in accordance with the provisions of this chapter, unless at the time otherwise directed by a police officer." No other authority of any kind is cited.

I. Of course the trial court's findings of fact in this law action are binding upon us if supported by substantial evidence. Rule 344(f) 1, Rules of Civil Procedure. Also, since defendant contends plaintiff as a matter of law was not entitled to prevail upon either the issue of defendant's negligence or plaintiff's freedom from contributory negligence, we view the evidence in the light most favorable to plaintiff. Rule 344(f) 2, R.C.P. Further, it is only in exceptional cases that questions of negligence, contributory negligence or proximate cause may be decided as matters of law. Rule 344(f) 10 R.C.P.

II. Plaintiff Sandra Kuhn and defendant Chris Tank were both driving west on Locust Street. It was divided into three marked lanes for west-bound traffic and, on the south, two lanes for east-bound vehicles. At the intersection in question Division Street intersects Locust at right angles. Hickory Grove Road runs northwest from the northwest quadrant of the intersection formed by Locust and Division Streets. Both plaintiff and defendant intended to turn northwest at the intersection onto Hickory Grove Road.

A. Fred Berger, Davenport, for appellant.

Stafne & Lewis and Albert J. Stafne, Jr., Bettendorf, for appellee.

GARFIELD, Chief Justice.

This is a law action tried to the court without a jury to recover for personal injury and damage to plaintiff's automobile from a collision with defendant's car at a "five point" intersection in the City of Davenport. Defendant has appealed from judg-

As they came to the intersection plaintiff was in the right-hand (north—or outside) lane for west-bound traffic, and defendant was in the center lane for such traffic, on plaintiff's left. Both came to a stop because they faced a red light. The trial court found from substantial evidence the two vehicles started into the intersection side by side when the light turned green, continued in such position until defendant's car veered to its right (north) into plaintiff's path, striking the left side of plaintiff's car and, as indicated, in doing so defendant failed to have his vehicle under control.

III. Defendant's entire argument here is based on the contention plaintiff violated section 321.256, supra, in not turning right (north) onto Division Street rather than northwest onto Hickory Grove Road. We might affirm on the ground the issue raised here was not pleaded in the trial court.

The allegations of plaintiff's petition need not be summarized except to point out that one specification of negligence charged against defendant was that he failed to keep his car under control, as the trial court found. A familiar statutory provision is that a motorist shall have his vehicle under control when approaching and traversing an intersection of public highways. Section 321.288, subd. 3 Code 1966.

This collision occurred November 9, 1965 after the effective date of section 1, chapter 430 Laws 61st G.A., now code section 619.17. Since the statute is important here we set out the pertinent part:

"Contributory negligence—burden. In all actions * * * to recover damages of a defendant in which contributory negligence of the plaintiff * * * was heretofore a complete defense or bar to recovery, the plaintiff shall not hereafter, have the burden of pleading and proving his freedom from contributory negligence, and if the defendant relies upon negligence of the plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage. * * *"

In apparent recognition of this recent statute defendant pleaded plaintiff was guilty of negligence directly contributing to the collision and the proximate cause thereof in five enumerated respects. They were: (1) failure to maintain proper outlook; (2) failure to stop within the assured clear distance ahead in violation of section 321.285; (3) failure to have her car under control when approaching and traversing the intersection in violation of section 321.288, summarized supra; (4) overtaking and attempting to pass defendant's car on its right in violation of section 321.299 and (5) attempting to pass defendant's car in the intersection of Locust and Division Streets in violation of section 321.304(2).

(This last statute prohibits driving to the left side of the roadway when approaching and traversing any intersection. It is difficult to see its applicability here.)

It is noted that four of these five specifications of plaintiff's negligence defendant alleged were the proximate cause of the collision are claimed violations of specific statutes. It is not argued here that plaintiff was negligent as a matter of law in any of the respects defendant pleaded. Defendant is not entitled to urge here as a basis for reversal an issue not pleaded in the trial court. Hilliard v. Hilliard, 240 Iowa 1394, 1401, 39 N.W.2d 624, 627 and citations; Tacke v. Hauser, 247 Iowa 465, 470–471, 74 N.W.2d 219, 222–223; Weik v. Ace Rents, Inc., 249 Iowa 510, 516, 87 N.W. 2d 314, 318.

IV. We have no difficulty in holding substantial evidence supports the trial court's finding defendant was negligent in not having his vehicle under control. Defendant is therefore not entitled to a reversal on the first of his two assigned errors.

V. Although we might do so, we are reluctant to base our decision as to the second assigned error on defendant's failure to plead a violation by plaintiff of section 321.256, quoted supra, without further consideration of the point. We don't think it appears as a matter of law plaintiff was guilty of negligence which was a proximate cause of the collision by disobeying instructions of a traffic-control device, in violation of section 321.256.

The only disinterested witness at the trial was a motorist who followed plaintiff's car as she proceeded into the intersection when the light turned green. He testified her vehicle headed northwest toward Hickory Grove Road and defendant's car headed west and pulled into the left side of plaintiff's car. Of course the trial court was justified in accepting this testimony.

There is evidence the traffic signal pole was located at the northwest corner of the intersection with an extension arm over the entrance to Hickory Grove Road on which signal lights were placed, and between the pole and the nearest light were the words "Right lane must turn right." It is this instruction defendant now says plaintiff disobeyed.

It is true, as stated, plaintiff did not make a complete right turn north onto Division Street. However, she did turn partially to the right to go northwest onto Hickory Grove. It is not claimed west-bound motorists on Locust could not properly proceed from this intersection onto Hickory Grove. As indicated, both plaintiff and defendant intended to do so. It is not suggested the partial turn from Locust onto Hickory Grove should be made from the south west-bound lane on Locust. Defendant testified this lane was for left turns only. We are not persuaded that under the circumstances here plaintiff could clear herself of the charge now made against her only by proceeding from the middle west-bound lane rather than the north lane, assuming of course she "had" a green light.

Defendant testified the middle lane was for west-bound traffic.

If, as defendant testified, the south lane was for left turns only, the middle lane for west-bound traffic only and the north lane only for traffic turning right onto Division Street, neither plaintiff nor defendant could lawfully proceed from the intersection onto Hickory Grove. This could hardly have been intended by the officials who erected the traffic-control device. A more reasonable conclusion seems to be that, so far as shown, no clear instructions had been provided as to just how and when west-bound motorists on Locust were to proceed northwest onto Hickory Grove. If this be true, it does not appear as a matter of law plaintiff violated section 321.256.

Further, violation of 321.256, if pleaded, would not be a defense under section 619.-17, quoted in Division III supra, unless "it was a proximate cause of the injury and damage." Defendant pleaded plaintiff's negligence was at least a proximate cause if not in fact *the* proximate cause. We are not prepared to hold this causal relation appears as a matter of law. As stated, plaintiff was at defendant's right as the two were stopped at the intersection waiting for a green light in order to make a partial right turn onto Hickory Grove. It appears plaintiff could proceed with greater safety from the right lane than defendant could—or at least did—from the middle lane.

We have held substantial evidence supports the finding defendant's negligence was the proximate cause of the collision. We could properly hold it does not appear as a matter of law plaintiff was guilty of negligence which was a proximate cause of the collision by violating Code section 321.-256. Plaintiff's second assigned error should not be sustained.

The judgment is

Affirmed.

All Justices concur.