Gordon J. SCHUPBACH, Appellee,

v.

Galen SCHUKNECHT and Ivan L. Schuknecht, Appellants.

No. 55222.

Supreme Court of Iowa.

Feb. 21, 1973.

Frye & McCartney, Charles City, and Kennedy, Kepford, Kelsen & White, Waterloo, for appellants.

Warren L. DeVries, Mason City, for appellee.

Heard by MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

This appeal is from a judgment entered for plaintiff in a law matter tried non-jury, growing out of an intersection accident which occurred in Butler County, Iowa, on September 2, 1969.

A chronology of the development of the case insofar as the filing of pleadings and other papers in the action is concerned is necessary to an understanding of the assignments of error relied upon by the defendants for reversal. The accident occurred on September 2, 1969, at which time plaintiff was driving his automobile southerly on Highway 14 near the city of Greene in Butler County, when it came into collision with a truck-mounted cornsheller owned by defendant Galen Schuknecht and being then and there operated by defendant Ivan Schuknecht who was traveling in a westerly direction at the intersection of Highway 14 and a county road.

Plaintiff's petition was filed September 24, 1969, and the answer and counterclaim of defendants was filed November 12, 1969. Plaintiff's reply to the answer and answer to counterclaim were filed November 26. On December 29, 1969 plaintiff filed a certificate of readiness, and on January 5, 1970 objections to the certificate of readiness were filed by defendants.

The record reflects that on October 7, 1970 a conference was held among counsel for all parties and the district judge who eventually heard the case, and as a consequence of the conference the cause was set for trial for Tuesday, November 17, 1970. Some days after the conference (and on October 13, 1970), the defendants filed a request for jury trial and an application for order consolidating this case with a second case then pending in the District Court in and for Butler County which had been instituted by one Jones, who had been an occupant of the Schupbach car at the time of the accident and in which said action Jones named the two defendants here and the plaintiff in the matter before us as defendants.

On November 2, 1970 plaintiff filed his resistance to the request for jury trial and the application for an order of consolidation. The following day, November 3, 1970 the defendants filed a motion for an order for trial by jury. The request for jury trial and resistance and the motion and application for consolidation were submitted to the court, and on November 9, 1970 the court overruled the request for jury trial and the petition for consolidation of this case with the case which had been instituted by Mr. Jones.

The matter thereupon proceeded to trial to the court, which resulted in judgment against both defendants and in favor of plaintiff in the gross amount of $30,956.42.

Defendants assert trial court was in error (1) in refusing to grant defendants' request for trial by jury, and in refusing to consolidate the within case with the case of Jones v. Schuknechts and Schupbach, and (2) the trial court was in error in its findings of fact and conclusions of law for that the same were not supported by the evidence, contending plaintiff failed to make a *prima facie* case of negligence on the part of defendants and that plaintiff himself was guilty of contributory negligence which was the proximate cause of the accident.

I. We are unable to agree with the contention of defendants that the court abused its discretion in overruling their request for a jury trial.

Rule 177, Iowa Rules of Civil Procedure, requires any person desiring jury trial of an issue to make written demand therefor by filing, not less than ten days after the last pleading directed to that issue, a separate instrument clearly designating such demand. It further provides in sub-section

(d) that notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court in its discretion on motion and for good cause shown, but not *ex parte,* and upon such terms as the court prescribes, may order a trial by jury of any or all issues. We note the first demand or request for jury trial was made almost thirteen months after the petition of the plaintiff had been filed, and further note the cause had been listed or assigned as a non-jury matter in three quarterly dockets, prepared by the clerk of the Butler County court prior to the date of the court's order overruling the request for jury trial, which order was filed November 9, 1970.

■ This court has repeatedly held the granting or denial of a jury trial belatedly sought under the provisions of rule 177(d), R.C.P., rests within the discretion of the trial court. Beneficial Finance Co. v. Lamos, 179 N.W.2d 573, 576–577 (Iowa 1970); Katcher v. Heidenwirth, 254 Iowa 454, 118 N.W.2d 52, 56, 6 A.L.R.3d 1293; Schloemer v. Uhlenhopp, 237 Iowa 279, 21 N.W.2d 457, 459.

In Schloemer v. Uhlenhopp, *supra*, 21 N.W.2d at 459, this court said, "We cannot say there was an abuse of discretion in denying his motion for jury trial. To hold otherwise would be a virtual annulment of the rule. Each case must stand upon its own facts; and citation of authorities from other jurisdictions under different procedural rules and with different factual situations seems inadvisable."

In overruling the defendants' request for jury trial, the trial court acted well within the bounds of its permitted discretion.

II. Nor are we inclined to agree with appellants' contention that trial court abused its discretion in refusing to order the consolidation of the within case with the case of Jones versus the defendants (Schuknechts) and the plaintiff (Schupbach) in the matter before us.

Rule 185, R.C.P., provides, "Unless some party shows he will be prejudiced thereby, the court may consolidate separate actions which involve common questions of law or fact or order a single trial of any or all issues therein. In such cases it may make such orders concerning the proceedings as tend to avoid unnecessary cost or delay."

■ We recognize the modern trend evidenced by almost universal reform in rules affecting civil procedure to combine in one litigation all actions arising out of one transaction and that all rules of civil procedure are to be liberally construed to this end. Rule 185, R.C.P., requires a showing rather than a mere statement of prejudice to justify the entry of an order *consolidating causes for trial,* and the question as to whether actions should be consolidated for trial rests largely within the discretion of the trial court. See Liberty Loan Co. v. Williams, 201 N.W.2d 462, 464 (Iowa 1972), and cases there cited.

We note trial court, in its enrolled order entered November 9, 1970 overruling defendants' motion to consolidate this cause with the Jones case (identified in the Butler County records as law cause No. 15061) observed, "The plaintiff in Cause No. 14934 (the matter now before us) has resisted the defendants' motion to consolidate." Trial court also stated in its ruling, "The court has given very careful consideration to the motion to consolidate the two actions *and the resistance filed by the plaintiff in Cause No. 14934* and the court believes in acting in its sound discretion that the plaintiff under R.C.P. 185 has shown that he would be prejudiced by consolidation." (italics supplied)

The record on appeal does not reflect the filing by plaintiff of a resistance to defendants' motion to consolidate. We have had the original court file certified to us by the district court, and find no such resistance therein. Any showing, therefore, must have been in oral argument to the court at the time of the submission to the court of the motion to consolidate.

The provisions of rule 185, R.C.P., however, are of more than passing significance here. In its consideration of the question of consolidation the rule permits the court to order consolidation "unless some party shows he will be prejudiced thereby". The rule is directory only, and not mandatory, and in no sense is the discretion of the trial court limited or extended by its context. Trial court here refused to order consolidation, and no showing of prejudice is required to justify a court in so ruling; the court is precluded only from *ordering consolidation,* when prejudice is properly shown. The reference by trial court to a resistance filed by plaintiff to defendants' motion to consolidate was obviously inadvertent, but we must conclude the trial court's denial of consolidation resulted from a proper and permitted exercise of judicial discretion.

We find no abuse of discretion on the part of trial court with respect to such order.

III. Defendants' next contention is trial court erred in its findings of fact and conclusions of law for that the same were not supported by the evidence, and further erred in failing to dismiss plaintiff's petition and in overruling defendants' motions for dismissal and for judgment notwithstanding verdict, to vacate judgment, and for new trial. Defendants contend plaintiff failed to make a *prima facie* case of negligence on the part of defendants, and that the record establishes plaintiff was guilty of contributory negligence which was a proximate cause of the accident.

The trial court's findings of fact in this law action are binding upon us if supported by substantial evidence. Rule 344(f)(1), R.C.P. Also where (as here) defendants contend plaintiff, as a matter of law, was not entitled to prevail upon either the issue of defendants' negligence or the showing of plaintiff's freedom from contributory negligence, we are required to view the evidence in the light most favor-able to plaintiff. Rule 344(f)(2), R.C.P. Only in exceptional cases may questions of negligence, contributory negligence or proximate cause be decided as matters of law. Rule 344(f)(10), R.C.P. See Kuhn v. Tank, 261 Iowa 800, 156 N.W.2d 127, 128.

We have reviewed the record and conclude it establishes trial court was justified in finding substantial evidence supported plaintiff's claim that defendants were negligent in the operation of the truck-mounted cornsheller. Trial court specifically found defendant-driver was negligent in failing to maintain a proper lookout, and in failing to yield the right of way to the vehicle of the plaintiff. We must conclude trial court's findings of fact, conclusions and judgment were based upon substantial evidence.

We find no reversible error, and affirm the trial court.

Affirmed.