**PEOPLES NATURAL GAS COMPANY, DIVISION OF UTILICORP UNITED INC., Appellant,**

v.

**CITY OF HARTLEY, O'BRIEN COUNTY, Iowa, Appellee.**

No. 91–1835.

Supreme Court of Iowa.

March 24, 1993.

Antonio Colacino and David J. Lynch of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Dennis Cmelik, Hartley, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

HARRIS, Justice.

This is a companion case to *Peoples Natural Gas Co. v. City of Everly*, 497 N.W.2d 872 (Iowa 1993), which we file today. Because the two cases are so similar it is unnecessary to detail the facts involved in this appeal. After expiration of a longtime gas franchise by Peoples Natural Gas Company (Peoples), the citizens of Hartley, Iowa, also elected to pursue condemnation pursuant to Iowa Code sections 472.46–.51 (1987). Contentions on appeal mostly involve valuation questions we decided adversely to Peoples and which will not be discussed further.

It is appropriate to address one claim asserted by Peoples that stems from a procedural matter that distinguishes this appeal from *Everly*. For lack of a timely jury demand this case was submitted to and decided by a judge, rather than a jury. Peoples vigorously protests this, asserting on a number of grounds that it was entitled to a jury. Because we disagree we affirm the district court.

Neither Peoples' petition, filed February 6, 1990, nor Hartley's answer, filed February 28, 1990, included a jury demand. Nevertheless, on March 14, 1991, the court administrator inadvertently issued a pretrial conference memorandum indicating the case was set for a jury trial commencing September 10, 1991. After being informed by Hartley, the court administrator confirmed the absence of any jury demand and so informed both parties. Peoples then proceeded to file a demand for trial by jury on June 17, 1991. Then, on September 3, 1991—seven days before the date set for trial—Peoples filed a motion for trial by jury. In this motion counsel for Peoples stated that confusion stemmed from the companion [*Everly*] case in which a timely demand had been filed. Counsel conceded having "mistakenly assumed that this case as well was to be tried to a jury."

The district court overruled the motion, finding (1) a timely demand for jury trial was not filed, and (2) Peoples failed to show good cause for its failure to demand a jury trial within the time required by Iowa rule of civil procedure 177. Peoples cites the district court's denial of its motion as error.

■ I. Peoples did not even remotely satisfy rule 177's ten-day requirement. A demand for jury trial was delayed more than fifteen months. Because of this failure Peoples has waived a jury unless it demonstrates the failure was justified. Peoples presents two arguments in justification: (1) it has demonstrated good cause; and (2) it has a nonwaivable constitutional right to a jury trial.

■ II. Peoples' explanation for its failure to file a timely demand is wholly grounded in inadvertence and oversight. *See Schloemer v. Uhlenhopp*, 237 Iowa 279, 283–85, 21 N.W.2d 457, 459 (1946) (holding (1) rule 177 is a reasonable regulation not inconsistent with the right of trial by jury provided by Iowa Constitution article I, section 9; and (2) counsel's inadvertence and oversight do not constitute "good

cause" for failure to make timely jury demand under rule 177).

The parties agree that our review of the good cause determination is for abuse of discretion. *See Schupbach v. Schuknecht*, 204 N.W.2d 918, 920 (Iowa 1973) ("This court has repeatedly held the granting or denial of a jury trial belatedly sought under the provisions of rule 177(d) ... rests within the discretion of the trial court."); *Hartford Fire Ins. Co. v. Lefler*, 257 Iowa 796, 807–08, 135 N.W.2d 88, 94–95 (1965).

We have no difficulty in deciding that the trial court did not abuse its broad discretion in rejecting Peoples' good cause claim.

■ III. Peoples' right to a jury is derived from two separate constitutional provisions. Like the plaintiff in *Schloemer*, Peoples can rely on the general right granted in article I, section 9, of the Iowa Constitution.[1] Peoples points out that, unlike the plaintiff in *Schloemer*, it can also rely on a specific right guaranteed in the first unnumbered paragraph of article I, section 18, of the Iowa Constitution.[2]

Peoples contends that the right to jury trials in eminent domain proceedings under section 18 is a more specific one, is not subject to our *Schloemer* holding, and is not waivable. We reject this contention because we see no heirarchy in the two provisions. The right to a jury under either provision is fundamental, but neither is more so than the other. The reasons prompting our *Schloemer* holding apply with equal force to jury rights accorded by section 18. We hold that jury rights under section 9 and section 18 of article I of the Iowa Constitution are alike subject to waiver under Iowa rule of civil procedure 177.

Because Peoples failed to file a timely jury demand and did not establish good

cause for its failure, it was not entitled to a jury.

AFFIRMED.

---

1. Article I, § 9, of the Iowa Constitution provides in material part:

    The right of trial by jury shall remain inviolate; but the general assembly may authorize trial by a jury of a less number than twelve ... in inferior courts....

2. The first unnumbered paragraph of article I, § 18, of the Iowa Constitution provides:

Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, *as soon as the damages shall be assessed by a jury,* who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken.
(Emphasis added.)