PEOPLES NATURAL GAS COMPANY,
DIVISION OF UTILICORP UNITED
INC., Appellant,

v.

CITY OF EVERLY, CLAY COUNTY,
Iowa, Appellee.

No. 91–1968.

Supreme Court of Iowa.

March 24, 1993.

Antonio Colacino and David J. Lynch of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Donald J. Hemphill of Hemphill Law Office, Spencer, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

HARRIS, Justice.

A special condemnation procedure authorizes municipalities to acquire property of privately owned utilities. The procedure was undertaken by a small Iowa community upon expiration of a gas franchise. The appeal by the utility challenges the valuation established in the proceeding. A cross-appeal by the city challenges an award of fees for the utility's attorney. We affirm on both appeals.

The city of Everly (Everly), population 700, is an agricultural community in Clay County. Peoples Natural Gas Company (Peoples) distributes natural gas to 120 Iowa communities. Under a series of franchises, first obtained in 1940 and finally expiring in 1987, Peoples furnished gas to about 300 customers in Everly.

After the franchises expired and after gaining authorization at a special election, Everly undertook to condemn Peoples' business property located within Everly's boundaries. Everly's authority to condemn is not challenged; the dispute arose only over the value of the system on July 19, 1988, the appropriate date according to the parties' stipulation.

Condemnation was in accordance with Iowa Code sections 472.46–.51 (1987). These statutes outline the procedure for condemnation of utility property, but specify nothing regarding a method of valuating it. Instead the initial valuation is made by a court of condemnation, consisting of three district court judges who serve in place of the usual compensation commission. *See* Iowa Code § 472.47. Pursuant to section 472.50, the court of condemnation discharges all the duties normally performed by a compensation commission, and the clerk of district court discharges the

duties normally performed by the sheriff. For the most part the ordinary condemnation procedure under the power of eminent domain is expressly incorporated into this special proceeding. Iowa Code §§ 472.1, 472.50.

In response to Everly's application, three district court judges were appointed to sit as a court of condemnation. The three-judge court awarded $175,000 to Peoples, exclusive of additional stipulated damages. Peoples appealed the award of damages to district court. At trial Peoples presented two expert witnesses, the first valuing the Everly system at $250,000, the second at $270,000. Everly presented one expert witness, who valued the system at $147,703. The trial jury awarded Peoples $160,000, exclusive of the stipulated damages.

While the district court proceedings were pending, Peoples applied to the condemnation court for an order assessing costs against Everly. The court of condemnation determined the amount of Peoples' attorney fees and expenses as well as expert witness fees and expenses. It however declined to enter judgment for costs and fees, reserving that task for the district court. By way of certiorari proceeding, Everly then challenged the condemnation court's authority to fix fees and expenses. The certiorari action was later combined with the appeal to district court.

The district court annulled the writ upon finding that Everly failed to sustain its burden of showing the condemnation court exceeded its jurisdiction or acted illegally. The district court then awarded fees and costs to Peoples, including an award of attorney fees in the amount of $34,254.21. Peoples now appeals to us on the issue of damages; Everly cross-appeals on the issue of attorney fees.

I. In its appeal, Peoples challenges the $160,000 award, asserting: (1) insufficient weight was given to the only evidence submitted by public utility experts; (2) it was error to give any consideration at all to the testimony of the city's witness; and (3) it was error to give any weight to rate-making factors of no relevance to a condemnation proceeding.

■ We summarily reject the first and second assertions. It should be unnecessary to explain that these matters were within the jury's domain, and manifestly inappropriate for reconsideration by an appellate court. *See Fritz v. Iowa State Highway Comm'n*, 270 N.W.2d 835, 844 (Iowa 1978); *Van Horn v. Iowa Pub. Serv. Co.*, 182 N.W.2d 365, 372–74 (Iowa 1970).

A strong indicator of the propriety of a jury's award of damages in a condemnation case is where, as here, the jury verdict falls within the range provided by the experts. We have found this to be, if not controlling, at least very persuasive. *Van Horn*, 182 N.W.2d at 373; *Townsend v. Mid–America Pipeline Co.*, 168 N.W.2d 30, 34 (Iowa 1969); *Crozier v. Iowa–Illinois Gas & Elec. Co.*, 165 N.W.2d 833, 835 (Iowa 1969).

II. Peoples challenges the testimony of Everly's expert witness because the class of potential buyers assumed in his calculations were rate-regulated public utilities. Peoples thinks this was error because it caused the inclusion of the regulatory rate base as a factor in the analysis. Peoples believes the regulatory rate base is irrelevant to the fair market value of the Everly system. Peoples points out that Everly's control of the system would not be subject to rate regulation. *See* Iowa Code § 476.1. Stated otherwise, Peoples argues that Everly, a nonrate-regulated buyer, can earn greater profits from the system than a rate-regulated buyer could earn, and therefore should pay more for the system than a rate-regulated buyer would pay. Thus, the argument goes, the insertion of rate-regulated principles in the valuation procedure here was error.

■ Everly suggests several highly promising theories in resistance to Peoples' complaint. Without rejecting any of them, we choose to rest our affirmance on what we consider to be the most obvious. There is no authority prohibiting the use of rate-making principles in the valuation of a utility, even one condemned by a nonregulated city.

Everly's expert testified that "buyer specific" valuations were improper. We

agree, and conclude that it would be "buyer specific" to omit possible bids by rate-regulated utilities in calculating fair market value. It is appropriate to consider "any factor that will impress a willing buyer in purchasing" the property. *Van Horn*, 182 N.W.2d at 371. The trial court correctly determined that a "willing buyer" is not required to be regulated or unregulated in accordance with the status of the condemnor.

III. Everly's cross-appeal challenges the district court's award of attorney fees to Peoples' counsel. There is no complaint about the amount; the question is whether they can be taxed.

 "[A]ttorney fees are ordinarily not recoverable as damages or allowable as court costs in the absence of statutory or contractual authority." *Lickteig v. Iowa Dep't of Transp.*, 356 N.W.2d 205, 212 (Iowa 1984). Because recovery of attorney fees and expenses is not part of the constitutionally guaranteed "just compensation" for condemnation, it follows that the general rule for recovery of attorney fees is equally applicable in condemnation actions. *See Peel v. Burk*, 197 N.W.2d 617, 619 (Iowa 1972); *City of Ottumwa v. Taylor*, 251 Iowa 618, 621, 102 N.W.2d 376, 378 (1960).

Iowa Code section 472.33 provides in pertinent part:

> The applicant shall pay all costs of the assessment made by the commissioners and reasonable attorney fees and costs incurred by the condemnee as determined by the commissioners if the award of the commissioners exceeds one hundred ten percent of the final offer of the applicant prior to condemnation.

This provision applies to these proceedings unless something in section 472.51, the provision for taxing costs in the special proceedings, abrogates or supplants it. Iowa Code §§ 472.1, 472.50. Although Everly contends otherwise, we see nothing in section 471.51 which does so. By analogy, in *River Bend Farms, Inc. v. M & P Missouri Levee District*, 324 N.W.2d 460, 464 (Iowa 1982), we recognized that the authority granted in section 472.33 to award attorney fees should apply in similar circumstances through Iowa Code section 472.1 to a drainage ditch condemnation under Iowa Code chapters 455 and 457. Section 472.1 likewise applies here. The district court did not err in assessing attorney fees.

AFFIRMED ON BOTH APPEALS.