# IN THE COURT OF APPEALS OF IOWA

No. 16-0194
Filed October 12, 2016

**HERMAN CALAHAN a/k/a HERMAN CALLAHAN,**
    Plaintiff-Appellant,

**vs.**

**JAMIE PHILBROOK,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Webster County, William C. Ostlund, Judge.

Herman Calahan appeals the denial of his request for a jury trial and the entry of judgment against him. **AFFIRMED.**

Herman Calahan, Otho, pro se appellant.

William Kevin Stoos of William Kevin Stoos, P.C., North Sioux City, South Dakota, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Herman Calahan filed a negligence action against Jamie Philbrook for personal injuries sustained in a car accident. The matter was initially scheduled for a jury trial, notwithstanding the absence of a jury demand from either side. The district court rescheduled the matter as a non-jury trial. At this juncture, Calahan wrote to the court and demanded reinstatement of a jury trial. The district court issued a notice scheduling the matter for a non-jury trial. Following trial, the court determined Calahan "failed to provide proper evidence to establish injuries and damages [were] the result of this accident." The court entered judgment in favor of Philbrook.

On appeal, Calahan contends (1) the district court abused its discretion in denying him a jury trial, and (2) the district court's findings are unsupported by substantial evidence.

*I.* Iowa Rule of Civil Procedure 1.902 governs demands for jury trial. The rule specifies a deadline for filing a demand. *See* Iowa R. Civ. P. 1.902(2) ("A party desiring a jury trial . . . must make written demand therefor not later than ten days after the last pleading directed to that issue."). Failure to comply with the timeliness requirement results in waiver of a jury trial. Iowa R. Civ. P. 1.902(1). A separate provision permits the district court to grant a jury trial absent a demand "for good cause." Iowa R. Civ. P. 1.902(4) ("Notwithstanding the failure of a party to demand a jury in an action . . . the court, in its discretion on motion and for good cause shown, but not ex parte, and upon such terms as the court prescribes, may order a trial by jury of any or all issues.").

Calahan correctly notes that we review a district court's denial of a jury trial for an abuse of discretion, whether the denial is based on timeliness or good cause. *Peoples Nat. Gas Co., Div. of UtilCorp United Inc. v. City of Hartley, O'Brien Cty.*, 497 N.W.2d 874, 876 (Iowa 1993); *Schupbach v. Schuknecht*, 204 N.W.2d 918, 920 (Iowa 1973). We discern no abuse.

First, no timely jury demand was made; by the time Calahan wrote to the court requesting a jury trial, the deadline had long since expired. Second, Calahan made no showing of good cause to support his belated request. He simply relied on the fact the matter was inadvertently scheduled for a jury trial.

*II.*      This brings us to the district court's determination that Calahan failed to prove causation and damages. *See Crow v. Simpson*, 871 N.W.2d 98, 105 (Iowa 2015) (noting the plaintiff "bore the burden of proving that [the defendant's] negligence caused his harm"); *Vossoughi v. Polaschek*, 859 N.W.2d 643, 654 n.6 (Iowa 2015) ("The elements of any negligence claim are (1) existence of a duty, (2) breach of that duty, (3) causation, and (4) damages."). The record supports this determination.

Calahan described his medical conditions but presented no evidence tying the onset or exacerbation of those conditions to the accident, even after the court gently prodded him to "connect the" injuries to the accident.[1] Because the district court's findings were supported by substantial evidence, we affirm the court's judgment entry in favor of Philbrook. *See Chrysler Fin. Co. v. Bergstrom*, 703

---

[1] Medical records he proffered were excluded on hearsay grounds. Calahan suggests this and other rulings revealed bias against him. To the contrary, the district court explained the rulings and exhibited extraordinary patience with both parties.

N.W.2d 415, 418 (Iowa 2005) ("The district court's findings of fact have the force of a special verdict and are binding on us if supported by substantial evidence.").

**AFFIRMED.**